GRAY v. PARKS.

Opinion delivered February 21, 1910.

1. WILLS—SETTING ASIDE—REMEDY AT LAW.—The remedy at law for setting aside a will for undue influence in its procurement is adequate. (Page 42.)

2. SAME—JURISDICTION OF CHANCERY TO SET ASIDE.—Equity has jurisdiction to set aside the probate of a will for fraud only where the fraud was practiced on the probate court in obtaining the probate. (Page 42.)

3. SAME—FAILURE TO MENTION CHILD.—Under Kirby's Digest, § 8020, providing that when any person shall make his last will and testament, and omit to mention the name of a child if living or the legal representatives of such child born and living at the time of the execution of such will, every such person shall be deemed to have died intestate, etc., held that where a will mentioned the name of a child who was dead at the time the will was executed but omitted to mention the names of such child's living children, the testator will be held to have died intestate as to such grandchildren, and they will be entitled to share in the testator's estate. (Page 43.)

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; reversed.

STATEMENT BY THE COURT.

This was a suit brought by the appellants. The complaint set up that Jesse L. Gray died in White County, leaving a supposed will in which he bequeathed to his son, Harrison T. Gray, who had departed this life prior thereto, five dollars, but making

no mention of plaintiffs, children of Harrison T. Gray and grandchildren of testator.

The appellants also alleged that the will was obtained through the fraud of one Rufus B. Gray, practiced on Jesse L. Gray. The complaint alleged in detail the acts of fraud of Rufus B. Gray (which it is unnecessary here to set forth); then continued as follows: "That as a consequence of such deception the said father caused his said supposed last will to be written in accordance with the false idea so caused to be in his mind by the said Rufus B. Gray as aforesaid, and in the same way caused the said supposed codicil thereto to be written and executed as aforesaid, giving the said Harrison T. Gray and the said James F. Gray the nominal sum of $5 each, and the said Walter Gray $150 as hereinabove set forth; wheras the facts were, and the said Rufus B. Gray at the time well knew the facts to be, that the said estate of the said Jesse F. Gray, now deceased, amounted to vastly more than the said aggregate sum of eleven times five hundred dollars over and above enough to pay the debts and funeral expenses, towit, the sum of $5,500, that is that it amounted to about the sum of $10,000 over and above enough to pay the said debts and expenses; that the shares of the said James F. Gray, Harrison T. Gray, deceased, and Walter Gray, deceased, instead of being $500 each, were more than $900 each; that therefore, instead of being entitled to receive $150, the said Walter Gray, deceased, was entitled to receive more than $550 out of his said father's estate; that, instead of the said Harrison T. Gray, deceased, being entitled to receive a nominal sum only, because of having theretofore received $500 in advancements, his heirs were entitled to have received more than $900; that, instead of the said James F. Gray being indebted to the estate of his said father and so being entitled to receive nothing therefrom, he was entitled to have received more than $900 therefrom." And further alleged:

"That the said Rufus B. Gray was appointed executor of the estate of the said Jesse F. Gray, deceased, by the said supposed last will and testament, and he as such executor presented the said supposed last will and testament to the probate court of White County for probate; that the said Rufus B. Gray as such executor, by falsely and fraudulently representing to the

said probate court that the said will was duly executed by and was the will and deed of the said Jesse F. Gray, deceased, deceived the said probate court, and induced the said court to admit said last will and testament to probate in the common form."

. The complaint contained these further allegations: "That the plaintiffs, who are the children of said Harrison T. Gray, at the time of the making of said will and at all times thereafter until more than one year after the date of the probating of said will, were residents of the State of Oklahoma; that they were ignorant during all that time of the death of the decedent, and so had no opportunity to be represented in said probate court nor to appeal from its judgment." It was also alleged that Jesse F. Gray, deceased, at the time of his death owned five hundred and sixty acres of land in White County, which is described; "that each person, party to this suit, both plaintiff and defendant, save and except only David G. Gray, is entitled to a distributive share in the said real estate, as hereinbefore set forth; that the said land is not capable of being divided in kind among the several persons entitled to a share thereof as aforesaid without great damage and prejudice to the parties in interest." The prayer was that the will and codicil be set aside and held for naught, and that the plaintiffs (appellants) be admitted to share in the distribution of the estate according to their respective interests as son and grandchildren of Jesse L. Gray, and for "an order directing the sale of said lands, the proceeds of such sale to be divided among the various parties entitled thereto as aforesaid, pursuant to the orders of this court, and for all further and proper relief."

The appellees demurred, setting up: 1. That there is a misjoinder of parties plaintiff. 2. That the complaint does not state facts sufficient to constitute a cause of action. 3. That this court has no jurisdiction of this case.

The court sustained the said demurrer upon the ground that it had no jurisdiction to hear and determine said cause, and dismissed the bill, whereupon the appellants appealed to this court.

*Rachels & Robinson,* for appellants.

1. Where a man dies leaving a will which omits the names of some of his deceased children's children, a court of chancery will decree contribution from the distributees in the

will to those children whose names are omitted.   87 Ark. 206;
Kirby's Dig. § § 8020, 8021; 23 Ark. 569; 31 Ark. 145; 70 Ark.
483; 86 Ark. 383.   Harrison T. Gray being dead at the time of
the making of the will, the same was void as to him.   90 Md.
575; 90 N. C. 643; 39 N. C. 320; 59 N. C. 163; 60 Tex. 426;
32 N. J. Eq. 78; 18 Am. & Eng. Enc. of L., 758; 92 Ark. 88.

2.   The chancery court had jurisdiction.   23 Ark. 569, 580;
85 Ark. 101, 106; 45 Ark. 513; 16 Ark. 477; 33 Ark. 729; 42
Ark. 189; 84 Ark. 92.   Appeal is not the only remedy against a
fraudulent and false judgment of a probate court probating a
will.   Kirby's Dig. § 8030; 85 Ark. 369; 51 281; 64 Ark. 349.
See also 45 Ark. 518; 30 Ark. 66.   And where equity for some
reason takes jurisdiction of a cause, it will retain jurisdiction un-
til complete justice is decreed between the parties.   92 Ark. 15;
7 Cranch 69; 93 Ala. 542; 34 Wis. 658; 6 Grat. 427; 134 U. S.
349; 141 Ill. 308, 316; 51 Ala. 445.

*S. Brundidge, Jr.,* and *H. Neelly.* for appellees.

The chancery court was without jurisdiction, and the demur-
rer was therefore properly sustained.   Kirby's Dig. § § 8028,
8029; 40 Ark. 91; 75 Ark. 146; 64 Ark. 349; 66 Ark. 623; 31
Ark. 175; 34 Ark. 451; 51 Ark. 281; 57 Ark. 508; 29 Ark. 151.

WOOD, J., (after stating the facts.)   1.   The chancery court
had no jurisdiction in this proceeding to determine the question
of the validity of the will.   The remedy at law for setting aside
the will on account of any fraud or undue influence in procuring
it was complete.   Kirby's Digest, § § 8028-29-30-38-39-41.   *Janes
v. Williams,* 31 Ark. 175; *Mitchell* v. *Rogers,* 40 Ark. 91;
*Ouachita Baptist College* v. *Scott,* 64 Ark. 349.   See also *St.
Joseph's Convent* v. *Garner,* 66 Ark. 623; *Caraway* v. *Moore,* 75
Ark. 146; *Ludlow* v. *Flournoy,* 34 Ark. 451; *Petty* v. *Decker,* 51
Ark. 281; *Hogane* v. *Hogane,* 57 Ark. 508; *Tobin* v. *Jenkins,* 29
Ark. 151; *Taylor* v. *McClintock,* 87 Ark. 243.   The remedy
of appellants to set aside the will was by appeal to the circuit
court.   See cases *supra.*   The fraud that would give a court of
chancery jurisdiction to set aside the judgment of the probate
court admitting the will to probate would be fraud that was
practiced upon the court in obtaining the judgment.   The alle-
gation that "the said Rufus B. Gray, by falsely and fraudulently
representing to the probate court that the said will was duly

executed by and was the will of Jesse L. Gray, deceived the probate court," etc., was not sufficient to show that a fraud was practiced on the court in obtaining the probate of the will, for other allegations of the complaint show that the will was executed by Jesse L. Gray.

The allegations of the complaint, taken together, show that fraud was practiced on the testator in procuring the will, but not on the court in admitting it to probate.

2. The complaint, however, does state a cause of action.for contribution to the children of Harrison T. Gray. As to these, Jesse L. Gray must be held to have died intestate, under section 8020 of Kirby's Digest. That section provides: "When any person shall make his last will and testament and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and .dividend of the estate, real and personal of the testator as if he had died intestate," etc.

The will names Harrison T. Gray, but the facts stated show that Harrison T. Gray was dead at the time the will was executed, and the testator omitted to mention the names of the children of Harrison T. Gray who were living at the time of the execution of the will. Therefore, under the above statute, Jesse L. Gray died intestate as to them, and they are entitled to contribution of their proportion of the estate, from the legatees and distributees whose names are mentioned in the will. *King* v. *Byrne,* 92 Ark. 88. See also *Brown* v. *Nelms,* 86 Ark. 383; *Rowe* v. *Allison,* 87 Ark. 206-212; *Bloom* v. *Strauss,* 70 Ark. 483; *Trotter* v. *Trotter,* 31 Ark. 145; *Branton* v. *Branton,* 23 Ark. 569.

The court erred therefore in sustaining the demurrer. The decree is reversed, and the cause is remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.