### DIAL *v.* TRICE, EXECUTOR.

Opinion delivered June 10, 1918.

WILLS—APPEALS—COST BOND.—Under the Act of 1909, an heir at law
    of a deceased testator may appeal to the circuit court from an
    order of the probate court admitting a will to probate, within one
    year after the order of court admitting the will to probate, and
    is not required to give a bond for costs.

Appeal from Monroe Circuit Court; *Thos. C. Trimble,* Judge; reversed.

*Manning, Emerson & Donham,* for appellant.

The appeal was taken in time. 132 Ark. 450; 119 Ark. 185. No bond for costs was required. *Id.*

*Lee & Moore,* for appellees.

The appeal was not taken within the time and no bond for costs was given. Acts 1909, amending Kirby's Dig., § 1348. The case in 132 Ark. 450 is in conflict with 57 Ark. 508. See 64 Ark. 349; 179 S. W. 449; 36 Ark. 203; 10 *Id.* 195; 43 *Id.* 424; 11 *Id.* 48; 93 *Id.* 42; 24 *Id.* 487; 28 *Id.* 478; 19 *Id.* 553; 129 *Id.* 242; 99 *Id.* 56-60.

McCULLOCH, C. J. The last will and testament of Daniel Dial, a resident of Monroe County, Arkansas, was probated in common form by an order of the probate court of that county entered on October 14, 1914, and appellant, who was one of the heirs at law of said testator, presented to the probate court his affidavit and prayer for appeal to the circuit court within one year, but more than six months after the order of the court admitting the will to record. The probate court granted the appeal and the transcript was lodged in the circuit court, but, on motion of appellees, the appeal was dismissed. The circuit court decided that the appeal was not taken within the time prescribed by statute, and also that the appeal was not properly taken for the reason that no bond for cost was given.

The statute regulating appeals from probate courts reads as follows:

"Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term within twelve months thereof. The

party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because he verily believes that he is aggrieved, and is not taken for the purpose of vexation or delay. And any heir, devisee, legatee or judgment creditor of an estate, who feels aggrieved, may at any time within six months after the rendition thereof prosecute an appeal to the circuit court from any final order of judgment of the probate court, by filing an affidavit and prayer for appeal with the clerk of the probate court together with a bond to pay the costs of the appeal if the judgment of the probate court is affirmed, and upon the filing of such affidavit, and bond for costs to be approved by the clerk, the court shall make an order granting the appeal at the term at which said judgment or final order shall be rendered or at any term within six months thereafter. And any such heir, legatee, devisee or judgment creditor of an estate may likewise upon executing the bond for costs prosecute an appeal to the Supreme Court from the circuit court." Acts of 1909, page 956.

This statute was enacted as an amendment to section 1348 of Kirby's Digest, and that part of the statute relating to appeals generally is an exact copy of the section amended, and the remainder of the statute was added by way of amendment.

We have decided in the recent case of *Morris* v. *Raymond,* 132 Ark. 450, that appeals from judgments admitting wills to probate are governed by the first part of the statute just quoted, and that twelve months is the time within which such appeals must be taken. We are asked to reconsider the question and overrule the other decision, but, upon further consideration, we are convinced that we gave the statute the proper interpretation, and the conclusion reached in that case will be adhered to in the present case.

We said in the former case, and repeat it now, that the latter part of the statute was intended to extend the right of appeal to a class of cases not embraced in the general provision, and that appeals from orders admit-

ting wills to probate fell within the general provision for the reason that heirs of intestates must be treated as parties to the proceedings and given the right of appeal even though not actually made parties.

It follows from that decision, too, that the requirement for giving a cost bond as a condition upon which the appeal is granted does not apply to the general provision for appeals, but applies only to the special class of appeals mentioned in the latter part of the statute. It is clear, we think, that the framers of the statute meant to confer the right of appeal upon those interested in the administration of estates who were not parties of record and who, prior to the enactment of the statute, had no right of appeal, and the law makers deemed it expedient to require a bond for cost in those instances, but not in cases where appeals are taken by parties who have the right of appeal under the general statute. The fact that heirs, devisees, legatees and judgment creditors of an estate are embraced in one class shows the intention of the law makers to provide a method of appeal from orders made during the progress of an administration from which there was no right of appeal theretofore provided for members of that class, and that the appeal by heirs and devisees from the probation of a will was not included in the class of appeals thus provided for the reason that they are within the terms of the former statute.

The court erred in dismissing the appeal, so the judgment is reversed and the cause is remanded for further proceedings.