## FOGG v. ARNOLD.

### Opinion delivered April 7, 1924.

1. EQUITY—INTERFERENCE WITH PROBATE PROCEEDINGS.—A court of equity will not interfere with proceedings in probate courts for the settlement of estates, except on allegations of fraud or mistake.

2. PLEADING—FRAUD OR MISTAKE—CONCLUSIONS.—Fraud or mistake cannot be charged without stating the facts and circumstances constituting it.

3. GUARDIAN AND WARD—CONCLUSIVENESS OF SETTLEMENT.—Where the probate court, in settling the account of a guardian, charged him with rents collected on certain property which the chancery court, having jurisdiction, had previously decided to belong to a third person, the judgment of the probate court, not having been appealed from, was binding upon the guardian and his sureties in a subsequent action on his bond.

Appeal from St. Francis Circuit Court; *E. D. Robertson,* Judge; affirmed.

STATEMENT OF FACTS.

Mrs. Bertsie Arnold, as guardian of Thelma, Velma, and W. R. Kendrick, Jr., minors, brought this suit against H. J. Tonkinson, guardian of said minors, and C. C. Fogg and R. Y. Hall, as sureties on his bond, to recover the sum of $1,515, which the probate court had adjudged to be due said minors in the final settlement of his account as such guardian.

The defendants filed an answer and motion to transfer the case to the chancery court. The answer denied the allegations of the complaint.

Subsequently the defendants filed an amendment to their motion to transfer to equity. Inasmuch as they rely upon its averments for a reversal of the judgment, we copy it in our statement of facts. The body of the amended motion reads as follows: "Come the defendants herein, and for amendment to motion to transfer state: That, while the probate court of St. Francis County had under consideration the adjustment of the account current and reports of H. J. Tonkinson, curator of the estate of his wards, the minors herein above named, there was pending in the St. Francis Chancery Court an action between Ed Bird, Mrs. Arnold, the guardian plaintiff herein, and Mrs. Tonkinson, against the plaintiff, minors herein, involving the title to the lands from which the said H. J. Tonkinson collected the rents (the $1,800 mentioned in the original amendment to the answer of the defendants in this cause), and said fact was brought to the attention of the said probate court, and the court indicated that its finding and judgment would be withheld until the title to the lands should be settled in said chancery case, and made such announcement in open court, upon which these defendants relied. Some time thereafter, and after the decision by the chancellor in said chancery case, the probate court, being in session, caused two attorneys for H. J. Tonkinson, administrator, and W. Gorman, Esq., the attorney for the plaintiffs herein, to be called before it, and announced that he was ready to decide the case and make the finding and order

asked by the attorney for the plaintiff, and, at the time, made and entered the order relied on by the plaintiffs in this cause.

"Therefore defendants say that the finding and judgment of the probate court as to the rents received from the lands, to which neither the estate of W. R. Kendrick, deceased, nor his heirs, the plaintiffs herein, had title nor any interest, is void; because the probate court had no jurisdiction of those particular lands, being a hundred and twenty acres adjudged by the chancery court to be the property of Ed Bird and others, to the exclusion of the plaintiffs herein. A certified copy of said decree of the chancery court is hereto attached and made a part hereof as exhibit 'A.'' '

Exhibit ''A'' is the judgment of the chancery court entered of record on December 12, 1921, in the case of Mrs. Hedley Tonkinson, plaintiff, v. Mrs. Bertsie Crabtree at al., defendants.

The decree recites that it was rendered on the 2d day of March, 1921, but the same was omitted from the record and is entered *nunc pro tunc* on December 12, 1921. The decree showed that the lands involved in that suit did not belong to Thelma, Velma and W. R. Kendrick, Jr., children and sole heirs-at-law of W. R. Kendrick, deceased, but that the lands belonged to other persons.

The circuit court, over the objections of the defendants, refused to transfer the case to the chancery court.

The plaintiff introduced in evidence the judgment of the probate court rendered on the 11th day of March, 1921. The judgment recites that the court had under consideration the first annual settlement of H. J. Tonkinson as curator of the estate of W. R. Kendrick, Jr., Thelma Kendrick and Velma Kendrick, minors, heirs-at-law of W. R. Kendrick, deceased, and a restatement of said account, filed on November 23, 1920. The judgment further recites that, after allowing the said H. J. Tonkinson, curator, certain corrections and additional credits, the amount in his hands is thereby reduced to the sum of $1,515. It was adjudged that the restatement of the

account be approved as showing the correct amount due from the said curator to said minors, and that the corrected statement be recorded in the proper records of the probate court. The judgment further recites that Bertsie Crabtree has been appointed as guardian of said minors and had been authorized to receive said amount from said H. J. Tonkinson.

It was further ordered that, upon the filing of proper vouchers of Bertsie Crabtree, as such guardian, of said amount, said Tonkinson and his sureties on his bond as such curator be finally discharged.

To reverse that judgment the defendants have duly prosecuted an appeal to this court.

*S. S. Hargraves* and *John M. Prewett,* for appellants.

1. The judgment of the probate court is void for want of jurisdiction of the subject-matter. 18 Wallace 457; 43 Ark. 62; 91 Ark. 533; 18 Ark. 405. Want of jurisdiction, either of persons or subject-matter, appearing upon the fact of the record, can be taken advantage of at any time and in any court where the conclusiveness of the judgment or decree is the subject of judicial inquiry. 10 Penn. 49; 11 Oregon 88; 64 Mo. 458; 50 Mo. 292. If jurisdiction depends upon some collateral fact which can be decided without going into the case on its merits, then the jurisdiction may be collaterally attacked, even though the jurisdictional fact is averred of record and was actually found to exist by the court rendering the judgment. 93 Am. St. Rep. 299; 31 Pac. 893; 97 Cal. 232.

2. A surety may show that a judgment against his principal was obtained by fraud or collusion, or that the court has no jurisdiction to render the judgment. Am. & Eng. Ency. Law, pp. 99-100; 8 S. W. 292; 100 Ark. 63; 57 Ark. 469. In determining the sufficiency of a judgment against collateral attack, a distinction must be observed between those facts which involve the jurisdiction of the court over the parties and subject-matter and those *quasi*-jurisdictional facts without allegation of which the court cannot properly proceed, and without

proof of which judgment or decree should not be made. 100 Ark. 69; 23 Cyc. 1074; 147 U. S. 173; 50 Ark. 190.

3. A void judgment may be attacked whenever and wherever it is sought to be enforced. 122 N. W. 980; 122 N. W. 554; 6 Am. St. Rep. 74; 158 Mich. 155; 48 Ark. 151. In a collateral action the force of a judgment can be destroyed only by showing that the court did not have jurisdiction over the subject-matter or the person against whom it was rendered. 23 Am. St. Rep. 113; Freeman on Judgments, §§ 120-120c.

4. Extrinsic evidence is admissible to contradict a record where a judgment is assailed for want of jurisdiction of the subject-matter or the person. 93 Am. St. Rep. 299; 48 Am. Dec. 355; 27 Ark. 675; 30 Ark. 109; Freeman on Judgments, § 518. Where the complaint alleged that the judgment was void for want of jurisdiction both of the subject-matter and the parties, and specified the particular defects which deprived the court of jurisdiction, *held* that the action was not a collateral attack on the judgment. 112 Pac. 1064; 42 Mont. 302. The rule that courts of general jurisdiction, having decided in favor of their jurisdiction, are presumed, on collateral attack, to have acted upon sufficient evidence, obtains in all cases save where the question of jurisdiction arises in regard to the person or subject-matter, whether the evidence appears in the record or not. 139 S. W. 653; 100 Ark. 63. An order of the probate court based on the record and pleadings and documents on file in the proceedings, which shows on its face that the court undertook to and did adjudicate the title to the land between parties to the proceedings before the court, is void. 74 Ark. 81; 129 U. S. 86; 58 L. R. A. 641.

5. The cause should have been transferred to equity.

*Walter Gorman,* for appellee.

The court properly sustained the demurrer. If the judgment of the probate court was erroneous, it could have been corrected by appeal. 34 Ark. 301; 11 Ark. 519; 19 Ark. 499; 71 Ark. 480. The adjudication by the probate court of the amount of the curator's liability

is conclusive evidence against the sureties. 14 Ark. 170; 46 Ark. 260; 39 Ark. 172; 49 Ark. 316. The testimony introduced in the probate court was properly excluded in the circuit court. 7 Ark. 480; 80 Ark. 339.

HART, J., (after stating the facts). It is unnecessary to cite authorities upon the rule, so often announced by this court, that a court of equity will not interfere with proceedings in probate courts for the settlement of an estate, except upon allegations of fraud or mistake. It is equally well settled that fraud or mistake cannot be charged without stating the facts and circumstances constituting it. It cannot be pleaded as a conclusion of law.

The answer and motion to transfer the case to the chancery court seeks relief against a judgment of the probate court restating and settling the first and final account of H. J. Tonkinson, as guardian of the minor children of W. R. Kendrick, deceased. The ground for the transfer is that rents amounting to $1,800 were, by mistake, charged against himself in the account as first stated by the guardian.

The defendants allege that this fact was brought to the attention of the probate court, and that said court promised to withhold its finding and judgment until the title to the lands from which the rent was collected should be adjudicated.

It was further alleged that, some time thereafter, and after the decision by the chancellor adjudicating the title to the lands to be in other parties than the estate of W. R. Kendrick, deceased, the probate court caused the attorneys for H. J. Tonkinson to be called before it, and announced that the court was ready to render judgment restating the account current of H. J. Tonkinson, guardian.

At the same time the probate court restated the account by holding said guardian liable for the rent collected, although the chancery court had held that the title to said lands was not in said minors. Thus it will be seen that the defendants do not allege or pretend that the probate court took up the matter of restating the

account of H. J. Tonkinson as guardian without notice to them; but, on the contrary, they alleged that the judge of the probate court did call them before him while the court was in session, and adjudicated the matter.

It is true that it held that the curator was accountable to the minors for rent which the chancery court had decreed did not belong to the minors, but this constituted at most an error of law. It appears from the record that the decree in the chancery case was rendered on the 2d day of March, 1921, although the decree was not entered of record until the 12th day of December, 1921. The judgment of the probate court restating the account of said H. J. Tonkinson was rendered on the 11th day of March, 1921. The probate court evidently had a different opinion of the law to that of the chancery court.

The parties had the right to appeal from the decision of each court, but no appeal appears to have been taken in either case.

The alleged grievances of the defendants are the results mainly, if not entirely, of their own fault and negligence. They were precluded by the judgment in the probate court from again contesting the conclusion reached by that court in the approval of the settlement of said guardian as to all matters embraced in that settlement.

The probate court had jurisdiction to determine whether or not the guardian should be chargeable with the rent of the lands involved in the litigation in the chancery court. In the first place, it may be said that the time for the appeal from the decision of the chancery court in the case had not elapsed when the probate court rendered its decision, and it could not know whether or not an appeal would be taken from the decision of the chancery court.

It might have been the better practice to have waited until the time for appeal had expired, or until the matter had become finally settled in the chancery court; but the probate court was not required to wait. Even if it be said that the probate court abused its discretion in not

waiting until the decision of the chancery court involving the title to the lands had become final, as it had announced that it would do, still its action in taking up the matter would at most only constitute an error of proceeding on its part, which might have been reversed on appeal; but it could in no sense be said that the order of the probate court was void. In other words, a transfer of the case now to a court of equity could accomplish no more than could have been accomplished by an appeal by the guardian and his bondsmen from the judgment of the probate court restating and confirming his account.

If the probate court wrongfully charged him with rents upon lands which did not belong to the minors, an appeal should have been prosecuted in apt time to reverse the judgment as being an erroneous one. The defendants are precluded by the judgment in that court from again contesting the matters embraced in the restated account and final settlement of said guardian adjudicated by the probate court. *Jefferson* v. *Edrington,* 53 Ark. 549; *Nelson* v. *Cowling,* 89 Ark. 334; and *Beakley* v. *Cunningham,* 112 Ark. 71.

In the case last cited it was held that a judgment on final settlement of a guardian's account is also conclusive upon the sureties on his bond.

It follows that there was no error in refusing to transfer the case to equity, and that the judgment was correct, and must be affirmed.