4-5891                             140 S. W. 2d 108

Opinion delivered April 15, 1940.

*Gordon Armitage,* for appellant.

*Culbert L. Pearce,* for appellee.

GRIFFIN SMITH, C. J. This is a controversy between the eight grandchildren of J. A. Whitley, who died intestate November 30, 1931. He was twice married. By Martha Lemons Whitley, his first wife, he had a daughter, Mattie, who married Powell. By his second wife, Tennessee Whitley, he had a daughter, Emma, who married Wooten.

The four plaintiffs below (appellees here) are children of Mattie W. Powell, and the four defendants (appellants here) are children of Emma W. Wooten.

In his will J. A. Whitley devised and bequeathed all of his property to Tennessee Whitley, who is referred to as T. A. Whitley.

The chancellor found that May D. Howell as administratrix of T. A. Whitley's estate (as a part of the funds for which she was accountable) had paid to herself, a sister and two brothers two items amounting to $750, of which $375 belonged to appellees. Personal judgment in favor of appellees was rendered against each of the appellants and against sureties on the bond of the administratrix for $375. It was ordered that the commissioner in chancery (who through sale under an order of partition received $665) apply half of the net proceeds in satisfaction of the item of $375 due appellees, and that appellants be charged with such amount.

December 2, 1931, T. A. Whitley undertook to have her husband's will probated by lodging it with the probate clerk. Letters testamentary were issued by the clerk, and acting under such authority T. A. Whitley took charge of the property. It is not shown that § 14531 of Pope's Digest was complied with when the will was offered for probate.

Appellees insist that because of procedural irregularities the will was not established and that T. A. Whitley in handling the estate acted as trustee. It is also contended that the will was void.

The grandchildren, under the theory advanced by appellees, should share equally in the estate.

No report or settlement was made by T. A. Whitley. The Bank of Searcy, on presentation by her of letters testamentary, paid to her $1,782.19 then on deposit in the name of J. A. Whitley.

When T. A. Whitley died November 7, 1935, $1,128.13 stood to her credit in the bank. This is presumed to have been the remainder of her husband's balance of $1,782.19.

January 30, 1937, appellees sued in chancery court, alleging they were tenants in common with the children of Emma W. Wooten, and that certain real property of

the estate of J. A. Whitley was not susceptible of division in kind. There was a prayer for sale.

Appellants, in their answer, claimed under the will, insisting it had been duly probated. They asserted that May D. Howell, one of the appellants, was appointed administratrix of the estate of T. A. Whitley, and that no claim was filed by appellees. In an amended complaint May D. Howell, together with sureties on her bond and a sister and two brothers, were made defendants. It was averred that T. A. Whitley attempted to have her husband's will probated without notice, and that letters testamentary issued by the clerk in vacation were not confirmed by the court, and therefore expired.

An order of the probate court dated October 29, 1937, found that J. A. Whitley's will was invalid ". . . because it does not mention by name any children or grandchildren, . . . and J. A. Whitley had grandchildren surviving him whose names were not mentioned in the said will as is required by law. . . ." From this order no appeal was perfected.

The chancellor found that T. A. Whitley took charge of the estate and treated it as her own; that she made no report as executrix or administratrix, nor did she procure an order of disbursement. It was further found that May D. Howell was appointed executrix of the estate of T. A. Whitley, and that she qualified. [See first footnote.]

---

1 In the decree it was said: "Immediately after the death of T. A. Whitley, May D. Howell, her granddaughter was appointed administratrix of her estate. She qualified and took charge of the assets of said estate and filed final report of her administration approximately a year thereafter and more than five years after probation of the will of J. A. Whitley. The will, being in force more than five years before it was declared invalid and more than a year after May D. Howell was appointed administratrix of the estate of T. A. Whitley, the plaintiffs herein filed exceptions to the report and the court finds that the administration of the estate of T. A. Whitley was a continuation of the administration of the estate of J. A. Whitley, deceased. Distribution of the assets of said estate is correct and approved except as hereinafter set out." There was the further finding that appellees and appellants were entitled to share equally in the J. A. Whitley estate; that May D. Howell, as administratrix of the estate of T. A. Whitley, paid to herself, her sister, and her two brothers $750; that half of this sum belonged to appellees, and that judgment against the administratrix and her bondsmen and the distributees should be rendered for such sum; that funds in the hands of the commissioner realized from sale of real property should be equally apportioned—$665 less $40.65 cost; that the amount due appellants in the hands of the commissioner was $312.05. Appellees were given judgment for such sum. Judgment was for $375 (one-half of the item of $750), with direction that $312.50 held by the commissioner due appellants be paid to appellees.

October 29, 1937, Harvey Huddleston was appointed administrator *de bonis non* of the estate of J. A. Whitley and filed bond.

OTHER FACTS—AND OPINION.

The record discloses that there is pending in the probate court of White county the administration of J. A. Whitley, with Harvey Huddleston administrator *de bonis non*.

There is also pending the administration of the estate of T. A. Whitley, with May D. Howell administratrix.

The first formal order in connection with the J. A. Whitley estate is dated February 3, 1938. It sustained exceptions to allowances of claims filed by May D. Howell as administratrix. Demands of $2,210.76 were asserted, including dower interest of T. A. Whitley in the estate of J. A. Whitley, amounting to $594.06—one-third of $1,782.19. Also, there was demand for the widow's statutory allowance of $450. The sum of $275 was asked to cover funeral expenses of T. A. Whitley. The entire claim of $2,210.76 had been approved by Huddleston. The court disallowed all items except $275. No appeal was perfected.

November 10, 1936, May D. Howell filed her final account as administratrix of the estate of T. A. Whitley, asking credit for $1,128.13—an amount equal to the unexpended portion of the bank deposit of J. A. Whitley remaining with T. A. Whitley November 7, 1935. Payments aggregating $750 had been made by the administratrix to herself, her sister, and her two brothers. There is the court's indorsement: "Examined and approved this 17th day of December, 1936." Irrespective of this approval, it will be noted that sufficient time had not elapsed between November 10 and December 17 to give the court jurisdiction.[2] As a matter of fact, the clerk's indorsement is that the account was filed and approved

---

[2] Section 188 of Pope's Digest is: "Every account presented to the county court by an executor or administrator for settlement or confirmation shall, without being acted upon, be continued until the next term of such court, subject to the inspection and examination of all persons interested in the settlement of such estate." See, also, § 190.

December 17, although the statement recites presentation November 10.

February 3, 1938, the court again examined the settlement and allowed only the claim of $275, covering funeral expenses. Other items were rejected. The administratrix was directed to state a new account within thirty days. There was no appeal from this judgment, and the new account was not stated.

While not properly before the chancery court—from which this appeal comes—it will be observed that in the probate court proceeding in connection with administration of the T. A. Whitley estate, appellees have filed claims for sums to be distributed directly to themselves as heirs of J. A. Whitley. The administrator *de bonis non* of the estate of J. A. Whitley is exclusively entitled to represent that estate in connection with its claims against the estate of T. A. Whitley.

Irrespective of invalidity of the will—a fact determined by the probate court from which there was no appeal—letters testamentary were issued to T. A. Whitley, and she rightly took possession of the assets, including the bank deposit.

May D. Howell was properly appointed administratrix of the estate of T. A. Whitley. As such she should account to Huddleston as administrator for the unadministered estate assets remaining in T. A. Whitley's hands at the time of her death.

The chancellor erroneously held that May D. Howell's activities under letters granted to her constituted a continuation of the administration of J. A. Whitley's estate.

Orderly procedure requires that the administration of personal property of the two estates (and real property, if required for payment of debts) should be completed in the probate court of White county. The fact that the chancellor is now, *ex officio,* presiding magistrate of the probate court does not authorize lifting the two administrations out of the probate court and having them adjudicated as a part of the chancery proceedings

for partition of the real property. By so doing administration of the estates would be incomplete. Probate records would show they were undisposed of in the jurisdiction where they were properly instituted, and where under the law they are still pending.

In *Lewis* v. *Smith*, 198 Ark. 244, 129 S. W. 2d 229, it was said: "The conclusion is inescapable that probate courts were not abolished; nor were they consolidated with chancery." Effect of this holding was to say that the two courts are wholly distinct, each operating independently of the other. There is no better example of the distinction between the courts than the status of county and probate courts as formerly constituted. While the same judge presided over each, they functioned in different fields. The same is true in respect of probate courts and court of chancery under Amendment No. 24 to the constitution. The chancellor conducts the probate court, but he does so as probate judge, and not as chancellor. In the Lewis-Smith Case it was said: "[Probate courts] remain, as an eminent friend of the court has expressed it in his brief, 'probate courts in chancery.' This statement is somewhat misleading. It was not intended to modify the holding in the same case that the two courts were independent of each other."

Upon remand the chancellor will exercise his discretion as to whether protection of the rights of the parties requires that distribution of proceeds of the sale of real property be held in abeyance pending final settlement of accounts of the two administrations in the probate court.

Although the question is not necessarily before us, the insistence of appellants that T. A. Whitley's heirs are entitled to that part of the J. A. Whitley estate which their grandmother might have claimed as statutory allowances and dower, may be disposed of by saying that the rights now asserted were foreclosed by order of the probate court rendered February 3, 1938, in the matter of the estate of J. A. Whitley when May D. Howell as administratrix claimed the widow's allow-

ance of $450, dower of $594.06, and certain other credits, which were disallowed. At the same time her demand of $275 for expense of the funeral of T. A. Whitley was allowed. All of the parties in interest were before the court in the proceeding in which the order was rendered, and no appeal therefrom was perfected. Had this order not become final a different conclusion might be reached.

It is not clear why the probate court should have found the estate of J. A. Whitley chargeable with the cost of T. A. Whitley's funeral, which occurred several years after the death of the husband.

This court has held that a widow's right of dower in the personal property of her deceased husband's estate may be claimed by her heirs, and that the administrator of a husband's estate holds such property as trustee for the widow to the extent of her unassigned dower interest therein. In *Arbaugh* v. *West,* 127 Ark. 98, 192 S. W. 171, it was said: "The widow may assign or transfer her dower in the personal estate, and it descends to her heirs in case of her death before assignment, but, as already stated, it does not become vested in severalty until it is assigned."

In *Crowley* v. *Mellon,* 52 Ark. 1, 11 S. W. 876, the court said: "But personal property belonging to the estate out of which the widow is entitled to dower, is held by the administrator in trust for her, to the extent of her interest."

However, as to J. A. Whitley's estate, these issues have been closed by the order referred to, *supra.*

It will be noted that by the probate court order of February 3, 1938 (rendered in connection with administration of the J. A. Whitley estate) the claim of May D. Howell as administratrix of the estate of T. A. Whitley was allowed for $275. In the probate court order rendered the same day in connection with administration of T. A. Whitley's estate, the administratrix was authorized, in her own accounting with the court, to take credit for $275 upon producing receipts showing she has paid that

sum for the purposes identified, and to the creditors mentioned.

There appears to be an inconsistency between these two orders. The probate court may correct the error by permitting May D. Howell, administratrix, in her settlement with Huddleston, administrator *de bonis non* of the J. A. Whitley estate, to retain $275 in satisfaction of her claim, upon compliance with conditions upon which the allowance was made.

The decree is reversed and the cause remanded with directions to proceed in a manner not at variance with this opinion.