WALLS, ADMINISTRATOR *v.* PHILLIPS.

4-6738                                    162 S. W. 2d 59

Opinion delivered May 25, 1942.

*Culbert L. Pearce,* for appellant.

*Roth & Taylor,* for appellee.

McHANEY, J.   Appellant Walls is the administrator in succession of the T. J. Phillips estate, and the other appellant is Alpha Phillips, the widow of T. J. Phillips. Appellees are his collateral heirs and the widows of two deceased brothers and the wife of appellee J. D. Phillips.

In *Phillips* v. *Phillips,* 203 Ark. 481, 158 S. W. 2d 20, appellant, Alpha Phillips, hereinafter referred to as appellant, "sought to have her dower rights in certain lands, belonging to her deceased husband, awarded to her and also for an accounting for her share of the rents and income derived from said lands subsequent to her husband's death." A decree denying her the relief sought was affirmed in said case.

T. J. Phillips died intestate January 12, 1938, without issue. Two days later his brother, A. B. Phillips, was appointed, qualified and served as administrator of his estate until his death on November 14, 1939. Two other brothers, Theo Phillips and J. D. Phillips, signed the administrator's bond. Theo Phillips died November 30, 1936. Appellant Walls was appointed administrator in succession March 1, 1940, and, on April 4, 1940, he and appellant brought this action against the estate of A. B. Phillips, first administrator, his bondsmen or their heirs,

alleging mismanagement of said estate and failure to account to appellant for the statutory allowances and dower due her. The prayer was for an accounting and for judgment for such amount as may be found to be due her. The answer was a general denial and pleas of the statute of limitations, of estoppel, laches, and *res adjudicata.* Trial resulted in a decree for appellees, with the exception that the court found, from reports of the administrator, A. B. Phillips, that he had received $236.99 more than he had accounted for, which amount was adjudged against appellees, with interest from April 19, 1937, at six per cent., and each side was taxed with one-half the costs. The complaint as to all other matters was dismissed for want of equity. The court found: "That as to all other assets and funds received and disbursed by the Administrator, as shown by said reports, the plaintiffs are not entitled to demand judgment—because of their long delay and laches in asserting said claims and demands, and that plaintiff Alpha Phillips is estopped from claiming dower for the reason that she participated, acquiesced in and had knowledge of the acts and conduct of the Administrator in the disposition of the personal estate."

In effect, this is a suit brought by appellants in the chancery court to falsify and surcharge the accounts of A. D. Phillips, first administrator of the estate of T. J. Phillips, deceased, and for judgment against his estate and against his bondsmen or their estates. A. D. Phillips and Theo Phillips are now both dead. For more than twelve years appellant permitted the estate of her husband to be administered by operation, management, sale, payment of expenses of administration, payment of debts for last illness and burial expenses, mortgaging of property to satisfy a judgment had against her husband in his lifetime, and the mortgage foreclosed to satisfy same, without ever demanding or receiving any part thereof as dower. Her right to dower in the real estate of her husband was decided against her in *Phillips* v. *Phillips, supra.*

The record here shows the personal estate of her husband at the time of his death to have amounted to

$283.98 cash in banks and one saw mill rig that sold, under a proper petition and order of the probate court, for $55.50, and the household furniture in the home in which they lived, and of which appellant has, at all times, been in possession and now is. The value of the furniture and house furnishings is not shown, but whatever it is, she has received the benefit of it. Therefore, the total personal estate amounted to $339.48, and the record shows that he was heavily indebted, to the extent of insolvency. At the time of his death, T. J. Phillips owed a judgment debt to the Union Bank & Trust Co. of $2,498.77, dated October 10, 1937, but which had been reduced, when the claim was probated, on March 23, 1928, to $2,147. He owed a probated claim to Gidenhagen of $419.54, which has not been paid. He also owed the following: to Peoples Bank, Searcy, $1,800, secured by mortgage, which was foreclosed; to Bank of Searcy, $1,000, secured by mortgage on the homestead, which was foreclosed; to the Commonwealth Building & Loan Association, Little Rock, $1,000, secured by a mortgage which was foreclosed. In addition, there were claims for his last illness, doctor, hospital, funeral and other bills totaling $706.70, all of which were paid by the administrator, reported to the court in his first settlement and approved by it and all of which was done with the knowledge of appellant and with her approval, or at least without objection from her.

One of the contentions made on this appeal is that appellant was entitled to $300 under § 80 and $150 additional under § 86 of Pope's Digest. These sections have reference to the personal estate only. Section 87 provides that: "The widow shall apply for such property before it is distributed or sold, and not after." We think appellant was clearly entitled to the allowance under § 80 if she had made timely application therefor, but not under § 86 as such additional allowance is conditioned by the provision therein, "when the estate is not insolvent," and it rather plainly appears that the estate was insolvent. Appellant never at any time applied for an allowance under § 80, until she filed this suit, more than 12 years after the administrator was appointed and nearly

five months after his death, long after all the personal estate in cash had been used to pay debts and claims and after the saw rig had been sold and used for like purposes. In the very recent case of *Barnes* v. *Cooper, Adm'r, ante,* p. 118, 161 S. W. 2d 8, we held the allowances provided by these sections were personal to the widow, and said "The right thereto is permissive, and, by § 87, 'The widow shall apply for such property before it is distributed or sold, and not after,' and this section applies to the allowance under § 86, as well as to that under § 80." The court, therefore, properly denied her claim for such allowances.

Appellant also contends that she was entitled to dower out of the proceeds of the mortgage loan secured from the People's Bank in the sum of $2,500, dated February 28, 1929. Conceding without deciding that she was so entitled at the time, it does not follow that she is now so entitled. This loan was secured for the specific purpose of paying off the judgment of the Union Bank & Trust Co., above mentioned, the details of which are set out in the former opinion in the case of *Phillips* v. *Phillips*. She made no claim to any part of this fund. She knew the purpose for which it was borrowed—to pay said judgment, which could not have been paid had she secured one-half of it by way of dower. In fact she signed a deed of trust on practically all the real estate to secure such a loan for the same purpose, but which was never consummated because some of the collateral heirs refused to sign. At that time the administrator, his bondsmen and appellant thought they could work out this indebtedness by refinancing it, and Theo Phillips assured her she would be able to save her home, which was also under mortgage, made by her husband and herself, and perhaps they would have done so, but for the great economic depression which followed shortly thereafter, resulting in the insolvency and liquidation of some of the banks at Searcy. So confident were these brothers of deceased, that they could accomplish this end, that they, A. P., J. D. and Theo Phillips, obligated themselves to pay same, and appellant executed the mortgage by acknowledging the same. We agree with the trial court that appellant is

now precluded from asserting any interest in the $2,500 loan both by laches and estoppel.

The complaint charged fraud and collusion on the part of the administrator and his brothers on his bond to dissipate and waste the assets of the estate. We think the allegations in this regard are too indefinite, too general in their nature, to constitute a sufficient averment of fraud, as fraud cannot be charged in general terms, without stating the facts and circumstances constituting it. As said in *Mock* v. *Pleasants,* 34 Ark. 63, found on p. 71, "Fraud is a term the law applies to certain facts, as a conclusion from them, and it is not in itself a fact." In *Fogg* v. *Arnold,* 163 Ark. 461, 260 S. W. 729, the late Judge Hart said: "It is unnecessary to cite authorities upon the rule, so often announced by this court, that a court of equity will not interfere with proceedings in probate courts for the settlement of an estate, except upon allegations of fraud or mistake. It is equally well settled that fraud or mistake cannot be charged without stating the facts and circumstances constituting it. It cannot be pleaded as a conclusion of law." The complaint alleged that the administrator "wrongfully and fraudulently" took credit in his first and second accounts for certain items therein set out without stating in what respect they were wrongful or fraudulent. Another allegation is that A. B., Theo and J. D. Phillips "wrongfully disposed of assets of said estate and wrongfully disbursed the proceeds derived therefrom, without authority from the probate court and in disregard for the rights" of the widow and creditors, but it does not allege what assets were wrongfully disposed of or what proceeds were wrongfully disbursed, or wherein either was wrong. But, assuming the allegations of fraud to be sufficient, the proof wholly fails to sustain them. The first account current was filed and approved in 1934. It is said no vouchers were filed as required by § 182 of Pope's Digest evidencing the items paid out, nor were there any claims against the estate properly presented to the administrator as required by § 100 *et seq.* of Pope's Digest. These failures to comply with the statute literally if there were such failures, are not sufficient to show fraud in allowing

and paying the claims. Nearly all the items challenged were for debts incurred during the last illness and death of decedent and for expenses of administration in the repair, upkeep, insurance and taxes on houses and farms, and when questioned about these items, she could not say that any one of them was fraudulent, or that the administrator or his bondsmen profited by them. The most she could say was that she didn't know. No fees of administration were charged and one of the brothers paid off a note of the decedent, made in his lifetime, with his own personal funds.

By the decree of the court, appellant was awarded judgment against appellees in the sum of $236.99, with interest at six per cent. from April 19, 1937. In all other respects the complaint was dismissed for want of equity. We agree that this action of the court is correct, and the decree is accordingly affirmed.