JANSEN *v.* BLISSENBACH.

4-7878      193 S. W. 2d 814

Opinion delivered April 22, 1946.

*R. C. Waldron, W. M. Ponder* and *Smith & Judkins,* for appellant.

*George M. Booth,* for appellee.

Minor W. Millwee, Justice. William Jansen, a resident of Randolph county, Arkansas, on February 7, 1921, executed his last will and testament devising and bequeathing all of his property to his sister, Barbara Blissenbach. Shortly before his death on January 31, 1944, William Jansen also executed and delivered a warranty deed to his sister, conveying an undivided one-half interest in two lots in the city of Pocahontas, Arkansas, for a recited consideration of $1,500. On the same date a similar deed was executed to his brother-in-law, Peter Blissenbach, husband of Barbara Blissenbach, conveying an undivided one-half interest in 40 acres of land in Randolph county for a recited consideration of $750.

On February 2, 1944, the will of William Jansen was admitted to probate and Barbara Blissenbach was appointed executrix to serve without bond as provided in the will. Appellants, Joseph Jansen of Pocahontas, Arkansas, and John Jansen of Poplar Bluff, Missouri, are the surviving brothers of William Jansen, deceased, and instituted this suit against appellees, Barbara Blissenbach and Peter Blissenbach, in the Randolph chancery court on January 25, 1945, to set aside the judgment of the probate court admitting the will of their deceased brother to probate and to cancel the two deeds to appellees.

The original complaint alleged the execution of the will and deeds, copies of which were made a part of the complaint. It was further alleged that appellee, Barbara Blissenbach, had filed no inventory or other report with the probate court, and that the consideration recited in the two deeds, if paid, was a small per cent. of the actual value of the property at the time it was conveyed. Appellants also charged in the complaint that the will was procured by fraud and undue influence of appellees in the following language: "That on Feby. 7th, 1921, and prior thereto, the alleged time of the execu-

tion of said will, the said defendants exercised undue and improper influence over the said deceased, with the fraudulent intent and purpose of unjustly and illegally getting his property at his death, and to cheat and defraud the plaintiffs, his brothers, out of their inheritance in his estate according to the law of descent and distribution." A similar charge of undue influence by appellees in obtaining execution of the two deeds was made in the complaint.

The prayer of the complaint was that the will be held to be ambiguous and fraudulent as to appellants; that the two deeds be canceled; and that appellants and appellee, Barbara Blissenbach, be declared tenants in common, and the property divided between them according to law.

On March 6, 1945, appellees demurred to the complaint on the grounds: first, that the court was without jurisdiction to contest a will; and second, that the complaint did not state facts sufficient to constitute a cause of action. On the same date appellees filed a motion to strike that portion of the complaint alleging mental incapacity of the testator and undue influence of appellees over him in the execution of the will. It was alleged in the motion that said will was probated more than six months prior to institution of the instant suit by appellants, and no appeal was taken from the judgment of the probate court admitting the will to probate.

On July 14, 1945, appellants filed an amendment to the complaint alleging that appellant, John Jansen, was a nonresident of this state; that the will was probated without personal service or notice to either of appellants; and, under § 14545, Pope's Digest, the judgment admitting the will to probate should be set aside and the probate court ordered to proceed with the contest of the will. Appellees filed their demurrer to the amended complaint.

At the hearing before the chancellor on appellees' demurrer and motion to strike, on September 4, 1945, the parties stipulated that the pleadings and files in the

probate court, involving the estate of deceased, "shall be admitted as evidence herein without objection from either side in this chancery court hearing of this cause." It was also admitted that the instant suit was filed more than six months after probation of the will; that one of the appellants was a nonresident, and neither of them was present or served with process in the probate court proceedings. The demurrer and motion to strike were sustained, and appellants declining to plead further, a decree was entered dismissing the complaint.

The principal argument of appellants on this appeal from the action of the chancery court in sustaining the demurrer and motion to strike is that they were prevented by an unavoidable casualty from appearing in the probate court, and that Act 448 of 1941, which authorizes the appointment of referees in probate, is unconstitutional. We find no allegations in the complaint in the instant case raising these questions. We do find a petition to vacate the order probating the will of William Jansen, deceased, which was filed by appellants in the probate court on March 24, 1945. This petition is a part of the records of the probate court which were introduced by agreement of the parties at the hearing on the demurrer and motion to strike. This petition apparently sought to vacate the order probating the will because of fraud practiced by appellees in obtaining the judgment, and for unavoidable casualty preventing appellants from appearing in the probate court action, under the provisions of § 8246, Pope's Digest. This petition has never been acted on by the probate court of Randolph county in so far as the record herein discloses.

This court has held that neither the adoption of Amendment 24 to our Constitution nor the enactment of Act No. 3 of 1939 resulted in a consolidation of chancery and probate courts. The two courts are wholly distinct and operate independently of each other. *Lewis* v. *Smith,* 198 Ark. 244, 129 S. W. 2d 229; *Wooten* v. *Penuel,* 200 Ark. 353, 140 S. W. 2d 108. The trial court, sitting in chancery in the instant case, did not pass on the questions of unavoidable casualty and constitutionality of Act 448 of 1941 which are involved in the petition and

those questions are still pending before the probate court, and cannot, therefore, be determined on this appeal.

In their motion to strike that part of the complaint which sought to contest and set aside the will, appellees invoked the provisions of Act 401 of 1941, which provides that an heir of a deceased testator may, by complaint filed in the probate court, contest the probation or legality of a will admitted to probate in common form within six months after the probation of such will, but not thereafter. Appellants contend they had a year to appeal from the order of probate, and rely on the cases of *Morris* v. *Raymond,* 132 Ark. 449, 201 S. W. 116, and *Dial* v. *Trice, Executor,* 134 Ark. 481, 204 S. W. 219, where it was so held. However, these cases were decided prior to the enactment of Act 401, *supra,* and this court held in the case of *Manning* v. *Manning, Executor,* 206 Ark. 425, 175 S. W. 2d 982, that a petition to contest and set aside a will filed by an heir of the testator more than six months after an order admitting the will to probate was filed too late, and did not state a cause of action. Act 401, *supra,* was amended by § 18 of Act 297 of 1945 but the provisions of the latter act are made inapplicable to the proceeding herein under § 26 thereof.

In their amended complaint, appellants claimed the right to challenge the judgment of the probate court admitting the will to probate under § 14545 of Pope's Digest. This statute provides that nonresidents, or persons not served with process, may institute a suit in chancery court for the purpose of impeaching the probate judgment and retrying the question of probate, within three years after the final decision of the circuit court, on an appeal from probate court. Since Amendment No. 24 to the Constitution, appeals from probate are directly to this court. However, prior to the adoption of Amendment No. 24, when the circuit court had appellate jurisdiction from a judgment of the probate court admitting or refusing to admit a will to probate, this court construed § 14545, *supra,* as being inapplicable where there was no appeal to the circuit court within the time prescribed by statute. Mr. Justice HART, in *Jenkins* v. *Jenkins,* 144 Ark. 417, 222 S. W. 714, said: "In the construc-

tion of this statute the court has held that a court of equity has no jurisdiction to review a decision of the probate court upon the probate of a will where there was no appeal to the circuit court within the time prescribed by the statute. The court held that if the appeal to the circuit court be barred, then no final decision of the circuit court can be had on the probate or a rejection of the will, and that the section is wholly inapplicable. *Mitchell* v. *Rogers,* 40 Ark. 91.'' There has been no appeal from the judgment of the probate court in the instant case, nor was that judgment attacked within six months as provided in Act 401 of 1941, *suprà.* Under these circumstances, § 14545 is inapplicable, and this was the effect of our holding in the case of *Manning* v. *Manning, Executor, supra.*

The allegations of the complaint charging undue influence on the part of appellees in the execution of the will do not set out facts constituting such undue influence, or facts from which the use of undue influence might be inferred. This court is committed to the rule that fraud or undue influence, which is a species of fraud, cannot be charged in general terms and without stating the main facts or circumstances constituting it. *Twombley* v. *Kimbrough,* 24 Ark. 459; *Mock, et al.,* v. *Pleasants,* 34 Ark. 63; *McIlroy* v. *Buckner,* 35 Ark. 555; *McLeod* v. *Griffis,* 51 Ark. 1, 8 S. W. 837; *Fogg* v. *Arnold,* 163 Ark. 461, 260 S. W. 729; *Ledwidge* v. *Tatum,* 200 Ark. 447, 139 S. W. 2d 238. This rule is followed by a probable majority of the courts of other states. 17 Am. Jur., p. 909; 107 A. L. R. 832.

If it be conceded, however, that the allegations of the complaint are sufficient to amount to a charge of undue influence in obtaining the execution of the will, still there is no allegation in the complaint to the effect that a fraud was perpetrated on the court in procuring the order of probate. As was held by this court in *Gray* v. *Parks,* 94 Ark. 39, 125 S. W. 1023, ''The fraud that would give a court of chancery jurisdiction to set aside the judgment of the probate court admitting the will to probate would be fraud that was practiced upon the court in obtaining the judgment.'' See, also, *Parker* v.

*Sims,* 185 Ark. 1111, 51 S. W. 2d 517; *Manning* v. *Manning, Executor, supra.* The chancellor, therefore, correctly sustained the demurrer to the allegations of the complaint charging fraud and undue influence in procuring the execution of the will.

Appellants do not argue the question whether error was committed by the trial court in sustaining the demurrer to that part of the complaint which sought cancellation of the two deeds and alleged undue influence in the procurement thereof by appellees. The same general rule, however, applies to these allegations as is applicable to the charge of fraud in the execution of the will. This rule is stated in 9 Am. Jur., Cancellation of Instruments, § 56, as follows: "A bill of complaint or a petition for cancellation of an instrument should aver the facts on which the right to relief is predicated. Thus, if fraud is relied upon as a ground of cancellation, it must be averred. No technical form of words is necessary in a bill to set aside a deed on the ground of undue influence or fraud, but such a state of facts must be asserted as will enable the court to draw inferences of undue influence or fraud, averments, which merely amount to conclusions on the part of the pleader as to its existence, being insufficient. It is not necessary, of course, to recite in the bill of complaint all the evidence that may be adduced to prove the fraud, it being sufficient merely to state the main facts or incidents which constitute the fraud."

When tested by the foregoing rule, the averments of the complaint charging undue influence upon the grantor in the execution of the deeds, without alleging the main facts constituting the undue influence, amounted to mere conclusions of the pleader. The complaint did not, therefore, state facts sufficient to constitute a cause of action for cancellation of the deeds, and the chancellor correctly so held.

The decree is affirmed.