## Hoagland v. Liter.

December 3, 1948.

Wilbur Fields and Garner McReynolds Petrie for appellant.

Raymond C. Stephenson, J. W. Hottell and Hottell, Stephenson & Allen for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is a second appeal of the same action. Our former opinion, styled Liter v. Hoagland, is reported in 305 Ky. 329, 204 S. W. 2d 219. The facts are fully set out in that opinion.

Appellant, a banker and insurance agent, had been doing business with appellee since 1923. The latter bought insurance from the former and performed various services for him from time to time. An open account was carried between the parties and was usually settled up about once a year. In 1929 the accounts were brought up to date, and appellee executed to appellant a note for $930.00.

Suit was filed on this note in 1943. As a defense, appellee pleaded certain credits to which he was allegedly entitled as a result of transactions entered into after the execution of the note. To this defense appellant pleaded the statute of limitations. The original appeal involved the question of whether or not the claims of appellee, even though outlawed by the statute of limitations, could be proven as a setoff against the amount due on the note. We held that they could be so proven, and the case was sent back for trial on the issues made by the pleadings. Appellee presented sufficient evidence to convince a jury, and a judgment was entered in his favor.

On this appeal appellant contends the evidence of an open account between the parties after the date of the execution of the note was incompetent, irrelevant, and immaterial; and he was entitled to a directed verdict. In substance, he is making a new attack on our decision in the former appeal.

There were only two questions to be determined in this lawsuit: (1) whether or not the transactions between the parties subsequent to the execution of the note were of the same nature and related to it, and if so, (2) whether or not the credits claimed by appellee were sufficient to extinguish this item of indebtedness.

We have carefully considered the evidence, and it appears the business dealings of the parties after the execution of the note continued, as we stated in the former opinion (305 Ky. 329, 204 S. W. 219), "with un-

. changed character." Though appellee forgot about this note, he relied upon appellant, being a banker, to allow proper credits on what was treated as a running account. Appellant's own books show that after the note was executed he continued to keep credit and debit items just as he had prior to that time. Other evidence indicates the parties continued to deal with each other as they had before.

Appellant contends that after 1930 his business dealings were with a corporation of which appellee was the principal stockholder, and any credits were due to the corporation and not appellee. While as a general rule a corporation is an entity distinct and separate from its principal stockholder, appellant continued to deal with appellee as if no corporation existed. Since no claims of corporate creditors are involved, we may look through the type of business organization in analyzing the true nature of the transactions between the parties. The evidence supported the jury's finding that appellee's credit items "grew out of transactions connected with" appellant's claim.

There was also ample proof that the credits claimed by appellee were sufficient in amount to offset the balance due on the note.

The judgment is affirmed.