O'Dell *v.* Newton.

5-573                                        275 S. W. 2d 453

Opinion delivered January 31, 1955.

[Rehearing denied March 7, 1955.]

*Byron Bogard,* for appellant.

*Willis V. Lewis,* for appellee.

George Rose Smith, J.  In 1953 J. F. Farmer died testate; his will devised the house and lot now in controversy to one of his daughters, the appellant.  The will was duly admitted to probate by the Pulaski Probate Court.  Thereafter the appellant brought this action in the circuit court to obtain possession of the property from the appellees, who are the appellant's sister and nephews.

The appellees had the case transferred to equity, their motion asserting (a) certain equitable defenses, which the chancellor found to be without merit, and (b) mental incompetency on the part of J. F. Farmer at the time of the execution of his will.  At the trial, which without objection was conducted as a will contest, the evidence was directed mainly to the issue of testamentary capacity.  By his decree the chancellor sustained the allegation of mental incompetency and undertook to set aside the will and to vest the title in Farmer's heirs at law.

We need not discuss the testimony, for the chancery court had no jurisdiction over the only issue upon which the appellees prevailed. By the constitution exclusive jurisdiction in matters relative to the probate of wills is vested in the probate courts. Ark. Const., Art. 7, § 34, and Amendment 24. Farmer's testamentary capacity was necessarily in issue in the proceeding by which the will was admitted to probate. The Probate Code, like the statutes which preceded it, defines the procedure by which the appellees might have attacked the will in the probate court. Ark. Stats. 1947 §§ 62-2113 *et seq.*

We have frequently held that, after the probate court has admitted a will to probate, that court's judgment cannot be reviewed in equity except for extrinsic fraud upon the court, which is not suggested in the case at bar. *Gray v. Parks,* 94 Ark. 39, 125 S. W. 1023; *Graham v. Graham,* 175 Ark. 530, 1 S. W. 2d 16; *Jansen v. Blissenbach,* 210 Ark. 22, 193 S. W. 2d 814. Nor does it matter that the appellant failed to make an objection to the court's jurisdiction. In a similar situation, involving apparent consent to the court's action, we observed: "It is manifest that if the chancery court be permitted to assume a general jurisdiction to review the proceedings of the probate courts in the matter of the settlement of estates, or to set aside or disregard their proceedings, and to proceed by virtue of any original ground of jurisdiction in itself to readjudicate the matters involved in those courts, there is no good reason why it should not assume the same jurisdiction with regard to the proceedings of the circuit courts, or the supreme court, or any other court. . . . For what would be the use of these courts and their proceedings, if another tribunal, with constitutional power to enforce its decrees, might treat them as nullities and adjudicate the same subject matters over again at the instigation of any of the parties?" *McLeod v. Griffis,* 45 Ark. 505. A fundamental want of judicial power, such as we have here, cannot be supplied by the acquiescence of the parties.

Reversed and remanded for further proceedings not inconsistent with the opinion herein delivered.