Fred QUICK Jr. *v.* Tom DAVIDSON,
Administrator and Dawn Marie ROLLINS

76-167                                                    545 S.W. 2d 917

Opinion delivered February 7, 1977
(Division II)

*Wayne R. Foster,* for appellant.

*Brown & Fleetwood,* by: *Jewel Brown,* for appellees.

CONLEY BYRD, Justice. After the administrator had sold the mortgaged real estate and paid the creditors but before there had been a distribution to the heirs, appellant Fred Quick, Jr. as the surviving spouse filed his petition for the assignment of his curtesy rights. The trial court ruled that by waiting until the real estate was sold and the debts paid, appellant had waived his curtesy rights in the real estate, but by treating the balance remaining in the hands of the administrator as personalty, the appellant was awarded one-third thereof absolutely.

Ark. Stat. Ann. § 61-232 (Repl. 1971) provides that the surviving husband's curtesy rights are the same as that given to the wife by way of dower. Ark. Stat. Ann. § 62-701 (Repl. 1971) places the duty of assignment of dower upon the heir at law. With respect to mortgaged real estate, Ark. Stat. Ann. § 61-210 (Repl. 1971) provides:

"Where a person seized of an estate of inheritance in land, shall have executed a mortgage of such estate

before marriage, his widow shall nevertheless be entitled to dower out of the lands mortgaged as against every person, except the mortgagee and those claiming under him."

The appellant here only claimed curtesy rights of one-third for life in the $12,700.83 net proceeds of the sale of the real estate. His age at the time of the wife's death was 44 and based upon an annuity factor of 6% his comminuted value of the real estate would amount to $3,121.14. There was a small bank account in which his curtesy rights amounted to $11.43 about which there seems to be no dispute.

To sustain the action of the trial court, appellees Tom Davidson, administrator, and Dawn Marie Rollins, a daughter of the decedent, rely upon *Walls* v. *Phillips,* 204 Ark. 365, 162 S.W. 2d 59 (1942) and *Wofford* v. *James,* 204 Ark. 700, 163 S.W. 2d 710 (1942). The latter case involved only statutory allowances. The former was an action against an administrator's bondsmen for monies that had been paid out under orders of the court. Neither case affects the rights between the surviving spouse and heirs at law to un-distributed funds.

As we construe the foregoing statutes the duty of allotting dower or curtesy is placed upon the heir at law. While the filing of the petition for allotment of curtesy may have been tardy as to creditors to whom distribution has been made, we fail to see how such conduct on the part of the surviving spouse could be considered a waiver as against the funds remaining and particularly in favor of one upon whom the law places the duty of allotting dower.

The record shows that one of the creditors was Kansas City Fire & Marine Company, who held a joint judgment of $3,200.12 against both appellant and the decedent arising out of a default by the decedent in her capacity as personal representative of an estate. We agree with appellant that under the circumstances shown, his rights of curtesy were superior to that judgment for purposes of calculating his monetary interest in the proceeds of sale.

Appellant also complains that his rights of curtesy

should have been allowed with reference to certain proceeds of a fire insurance policy paid to him and disbursed by him and in an automobile and jewelry that had been delivered to the daughter before the probate proceedings were commenced. Neither party has bothered to abstract the insurance policy nor explained why the proceeds were paid directly to appellant. Under the circumstances, we are unable to say that the proceeds of the fire insurance policy constituted a part of the estate.

With respect to the jewelry and the automobile, we agree with the trial court that the delivery thereof to the daughter appears to have been made in accordance with some understanding as to a family settlement and that appellant having voluntarily delivered them to the daughter for her own personal use and benefit is now estopped to claim his right of curtesy therein.

Accordingly, this matter is being remanded to the trial court with directions to award curtesy rights in the proceeds of the sales of the real estate in the amount of $3,121.14 and the bank account in the amount of $11.43, together with all costs.

Reversed in part with directions.

We agree: HARRIS, C.J., and HOLT and ROY, JJ.