## NOBLES *v.* POE.

### Opinion delivered January 10, 1916.

LACHES—INFANT DISAFFIRMANCE OF DEED—EQUITABLE RELIEF.—An in-
fant executed a deed to certain land at the age of 17, she was then,
and has since remained a married woman; after a lapse of forty-
three years, she sought to disaffirm her deed, and regain the pos-
session of the land. *Held*, it not appearing that she had received
an inadequate consideration for her deed, and it appearing that
the land had been several times transferred and greatly improved
and enhanced in value with plaintiff's knowledge, that equity
would grant her no relief.

Appeal from Scott Chancery Court; *W. A. Falconer*,
Chancellor; affirmed.

*J. H. Wilkins and A. S. McKennon*, for appellant.

1. Plaintiff was not barred by limitation. English's
Digest, Ch. 99, § § 4, 13. She was a minor until she mar-
ried; the disability of infancy was extended by that of
coverture. *Ib.*, § 30; Act April 28, 1873. She is not barred
by *laches.* 51 Ark. 294; 102 U. S. 300; 65 S. W. 579; 17
S. W. 372; 10 A. & E. Enc. Law 654.

*A. G. & M. B. Leming and Daniel Hon*, for appellees.

Appellant is barred by laches. 34 U. S. (9 Pet.) 405;
48 *Id.* (7 How.) 234; 60 U. S. (2 Wall.) ; 143 U. S. 224;
103 Ark. 58; 93 *Id.* 398; 99 *Id.* 455; 101 *Id.* 430; 145 U. S.
368; 105 Ark. 663; *Ib.* 251; 5 Pom. Eq. Jur. (3 ed.), § 21;
20 R. I. 202; 108 Me. 96; Am. Ann. Cas. 1913 B. 366; 110
Ark. 24, 389; 112 *Id.* 467; 118 Ark. 516; 42 Iowa 343; 55
Ark. 85. A married woman is chargeable with *laches*
with respect to her separate property. 55 Ark. 60.

SMITH, J. Nancy A. Nobles, one of the appellants
herein, conveyed to her attorneys an undivided half-inter-
est in an undivided one-sixth interest which she had in-
herited from her father in the lands involved in this liti-
gation. She alleges in the complaint filed on behalf of
herself and her co-appellants on June 30, 1914, that on Au-
gust 31, 1871, when she was an infant and only seventeen
years of age, she conveyed her interest in these lands to
one Frizzell, and that she was then, and has been at all

times since, and is now, a married woman. There is proof in the record in support of these allegations.

It was shown on behalf of appellees that there have been many conveyances of the land in controversy, and that the title passed through various persons to the present owners, none of whom had any information about the infirmity of the title, which appeared from the records to be perfect. It was shown that the various owners occupied the land adversely to all persons, and paid the taxes continuously and improved the lands, so that they have enhanced tenfold in value, and that although appellant had lived for the past twenty years in Oklahoma, she knew of the improvements which had been made and were being made on the lands. It is also earnestly insisted that the proof does not show that Mrs. Nobles was an infant at the time she executed her deed. The court below made no special finding of fact, but made a general finding that "the court finds the issues for the defendants on their answer and cross-complaint." Without setting out the evidence which is more or less vague, indefinite and conflicting on the subject of Mrs. Noble's age, we announce our conclusion to be that the preponderance of the evidence shows her to have been an infant at the time of the execution of the deed. Much of the uncertainty on this subject grows out of the great length of time which has elapsed, and the consequent loss of evidence. For instance, it was shown that there was a family bible which gave exactly the age of Mrs. Nobles and all of her family, but this Bible has been lost. Persons testified who knew Mrs. Nobles when she was a child, but from the very lapse of time they were not as positive as they would no doubt have been had they been called upon to testify before their recollection was dulled by the lapse of time. Mrs. Nobles herself was shown to have been thus affected, for, in answer to the question when she was married, she stated, "I think it was in 1870 or 1871; I don't just remember the year," and in other respects it appears that her recollection had become somewhat hazy.

Appellant relies chiefly on the case of *Stull* v. *Harris,* reported in the 51 Ark. page 294. The cases are somewhat similar, in that each grantor was a married woman who claims to have been a minor when she executed the deed she sought to set aside; and that each deed was executed before the Married Woman's Enabling Acts were passed; and that each husband was still living pending the suit; and that each woman had children by her husband born alive.

Without intending in any manner to impair the authority of that case, it must be said that it is not controlling here. While no exact rule can be laid down, for application in all cases, to determine whether or not one is guilty of laches, it must be said that the *Stull* case, *supra,* approaches the limit beyond which even an infant married woman might not wait to disaffirm her deed. But this is an even more extreme case than that. In that case the parties were the original grantor and grantee, and the grantee was a brother-in-law of the grantor; and while the grantee there made improvements which necessarily enhanced the value of the land, the opinion there expressly recites the fact to be that the grantor was not shown to have had notice of that fact. Here the grantor waited forty-three years to disaffirm her deed, more than twice as long as the grantor had waited in the *Stull* case. Here the grantor knew of the improvements and waited until there had been many conveyances of the land. In the *Stull* case there was no uncertainty about the proof; while here, from the very lapse of time, there is loss of evidence and uncertainty of proof.

In the case of *Casey* v. *Trout,* 114 Ark. 359, we quoted with approval from 5 Pomeroy's Equity Jurisprudence (3 ed.), section 21, the following statement of the law:

"Laches, in legal significance is not mere delay, but delay that works disadvantage to another. So long as parties are in the same condition, it matters little whether he presses a right promptly or slowly within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party

has in good faith so changed that he can not be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from the loss of evidence, change of title, intervention of equities, and other causes; but when a court sees negligence on one side, and injury therefrom on the other, it is a ground for denial of relief."

The proof here does not show that the consideration originally paid was grossly inadequate; nor is it contended that any advantage whatever was taken of Mrs. Nobles in procuring the execution of the deed which she now seeks to disaffirm. And we think this is a case in which we should apply the doctrine, which has been so often quoted and approved, laid down by Lord Camden in the case of *Smith* v. *Clay,* 3 Bro. C. C., p. 640, that "A court of equity, which is never active in relief in cases against conscience or public convenience, has always refused its aid to stale demands where the party slept upon his right and acquiesced for a great length of time. Nothing can call this court into activity, but conscience, good faith, and reasonable diligence. Where these are wanting, the court is passive and does nothing."

This language was quoted with approval in the case of *Auten* v. *St. Louis, I. M. & S. Ry. Co.,* 110 Ark. 24, in which case we said:

"Of necessity there must come a time, beyond which one can not wait, to begin the enforcement of any right, however meritorious."

We think that limit has been reached and exceeded in this case, and the decree of the chancellor will, therefore, be affirmed. *Carmical* v. *Ark. Lumber Co.,* 105 Ark. 663; *Finley* v. *Finley,* 103 Ark. 58; *Segers* v. *Ayres,* 95 Ark. 178; *Earle Imp. Co.* v. *Chatfield,* 81 Ark. 296; *Tatum* v. *Ark. Lumber Co.,* 103 Ark. 251; *Dickson* v. *Sentell,* 83 Ark. 385; *Davis* v. *Harrell,* 101 Ark. 230.