670

4-6395                                    152 S. W. 2d 304

Opinion delivered June 2, 1941.

*Harry Neelly* and *Culbert L. Pearce,* for appellant.

*Golden Blount,* for appellee.

Griffin Smith, C. J.   Appellant[1] thinks an order of the White chancery court made September 14, 1940, dismissing plaintiffs' complaint for want of equity, should be reversed because the court assumed jurisdiction in respect of an appeal from probate to circuit court involving a deficiency judgment;[2] also, it is insisted error was committed when the court (March 9, 1936) confirmed a commissioner's sale and directed execution of deed.

In a suit filed in June, 1940, by F. B. Redus and others against T. W. Wells, administrator, and Commonwealth Federal Savings & Loan Association, it was alleged that the plaintiffs were creditors of M. H. Greer,

[1] Administrator in succession of the estate of M. H. Greer, deceased.

[2] A balance of $492.52 alleged by appellee to be due in connection with foreclosure decree was allowed by probate court as a claim of the second class.   An appeal was taken to circuit court, and by consent transferred to chancery.   It was allowed by chancery court.

who died November 11, 1935. Greer left a will in which P. D. Phillips was named executor. By an order of probate court Phillips was removed as executor, and Wells was designated administrator. In 1929 Greer and his wife borrowed $1,700 of Commonwealth Building & Loan Association under the methods then employed by building and loan associations, and as an incident mortgaged certain property in Searcy. Default having occurred in making monthly payments, suit was filed October 30, 1933, seeking foreclosure, the debt then amounting to $1,460.09. Decree was entered June 11, 1934. There was delay (seemingly in an effort to accommodate the debtors), and a receiver was appointed October 8, 1934. Rents were thereafter collected and paid to the mortgagee.

Sale was had October 8, 1934, under the decree of June 11. Objection to confirmation was interposed, and by consent deferred. However (April 8, 1935) there was confirmation, with delivery of deed to the purchaser, Commonwealth Building & Loan Association, on its bid of $1,200.

June 10, 1935, in response to a petition by the Greers, who proposed to pay $200 on the judgment (in addition to rents then in the hands of the mortgagee) confirmation was set aside and the deed canceled. The complaint contains this paragraph: .

"On December 9, 1935, the cause was passed. February 10, 1936, Commonwealth Federal Savings & Loan Association asked that the cause be revived, but no proper order of revivor was ever made or served upon the executor or administrator, . . . or upon his heirs or his creditors."

It is then alleged that the order of March 9, 1936, approving the sale, was wrongfully obtained; that the deficiency claim of $492.52 filed [in probate court] was improperly approved by the chancellor; that fraud was practiced upon the court by Commonwealth Federal Savings & Loan Association in that the original obligation, if any, was in favor of Commonwealth Building & Loan Association, a defunct corporation; that "said defendant

is not and never was a party to said foreclosure proceedings and it does not pretend to show what interest, if any, it has in the assets of the mortgagee, the Commonwealth Building & Loan Association.'' It is further alleged that the claim, upon its face, shows an excess charge of $159.22, ''which renders it usurious and fraudulent.''

In a suit filed September 24, 1940, by D. D. Thornton, administrator in succession, an allegation was: ''Should the deficiency claim be allowed, defendant [Commonwealth Federal Savings & Loan Association] will receive more than $500 in excess of the amount due it on the judgment debt, and all other beneficiaries of the estate will suffer in the same proportion, which in effect would be a fraud upon their rights.''[3]

Other facts are stated in the briefs, but are not essential here.

There was no appeal from the decree of foreclosure. It appears to have been acquiesced in. Appellant, however, insists that ''. . . the order of June 10, 1935, set aside and canceled the sale.'' We do not agree that this was the effect of the decree, which contained the following paragraph:

''It is therefore ordered, adjudged and decreed that the confirmation of the sale herein be canceled and set aside; that the commissioner's deed issued thereon be also canceled and the title to the property described herein be and the same is hereby vested in the defendants, subject, however, to the plaintiff's judgment, *and also subject to the sale hereinbefore had wherein the plaintiff was the successful bidder.*''[4]

The purpose (expressed, we think, but if not, then certainly implied) was to preserve the decree of foreclosure and the sale pursuant thereto.

If the court's action of February 10, 1941, in sustaining appellee's demurrer to the complaints in the con-

---

[3] Case No. 863 (F. B. Redus and others) and Case No. 912 (D. D. Thornton, administrator) were consolidated by an order dated February 10, 1941, which recited that the decree in Case No. 863 should be set aside ''. . . except as to the finding of fact set forth therein that there was no fraud.''

[4] Italics supplied.

solidated causes should be reversed, the judgment and sale would stand. Approximately six years have intervened, and five years have passed since the sale was set aside on request of the mortgagors, with payment of $200 on the judgment. The first order of confirmation (April 8, 1935) was set aside because rendered on the fifth day of the term.[5] It is now insisted that the confirmation order of March 9, 1936, should be set aside because, as it is alleged, the decree was rendered on the fourth day of the term. We think appellants have overlooked act 84, approved February 14, 1925, which provides that "For the purpose of expediting business in the chancery courts of Pulaski, Lonoke, White, and Prairie counties, the chancery courts of said counties shall always be open for the transaction of business, and may hear cases and render decrees in said counties at any time."

Of course the subsequent act would control if the two conflict. But we do not think there is a conflict. Purpose of the 1935 enactment was to liberalize time in favor of an harassed debtor; therefore, foreclosures and orders confirming sales were restricted to the first three days of a regular term of court. When, however, there is no regular term, and action of the court shows conclusively that every indulgence has been favorable to the debtor, it is difficult to see how the letter or spirit of the law has been transgressed.

We are also of opinion that appellants are guilty of laches. They have stood by since 1936 and permitted appellee to make improvements on the property, and sell it. Even now there is no offer to pay the debt, or to bid on the property if it should again be offered for sale. As was said in *Nobles* v. *Poe,* 121 Ark. 613, 182 S. W. 270, laches is not mere delay, but, rather, delay that works disadvantage to another. The disadvantage may arise from change of title, or intervention of equities and other causes.

*Jackson* v. *Becktold Printing & Book Mfg. Co.,* 86 Ark. 591, 112 S. W. 161, 20 L. R. A., N. S., 454, was a suit to set aside a foreclosure decree alleged to have been ren-

---

[5] Act 21, approved February 9, 1933; Act 49, approved February 18, 1935. Pope's Digest, § 9479.

dered in vacation. It was held that the action was barred by laches because plaintiff, knowing the facts, waited nearly five years before bringing suit. In the meantime defendants became purchasers of the land, sold large quantities of timber from it, changed the fences, and used the property as owners by purchase under a valid decree.[6]

No possible relief is available to appellants if we should hold that the chancellor erred in not setting aside confirmation and cancelling the deed, unless the decree of foreclosure and sale may also be avoided. It is not in conformity with practice to overrule the chancellor and reverse a decree where no fraud is found, and where as in the case at bar, the transaction occurred nearly six years prior to the filing of the suit for cancellation.

The parties could not by consent confer upon chancery the power to adjudicate an appeal taken from probate to circuit court; and this is true notwithstanding the probate courts are presided over by chancellors. *Wooten* v. *Penuel,* 200 Ark. 353, 140 S. W. 2d 108.

The case is unlike *Sewell* v. *Benson,* 198 Ark. 339, 128 S. W. 2d 683, where it was held that, although a curator's final settlement had been approved by the probate court, with discharge of the curator, equity had jurisdiction of a complaint in which it was alleged that a conspiracy had been formed to defraud minors, and that in execution of the scheme fraud had been perpetrated upon the probate court. It was held that, since the probate court could not grant full relief, recourse might be had to chancery. In the instant case the appeal was pending in circuit court, where it had been lodged prior to the effective date of Amendment No. 24 to the Constitution. The appeal, therefore, will be considered as undisposed of.

Finally, it is insisted that Commonwealth Building & Loan Association, and the judgment creditor, Commonwealth Federal Savings & Loan Association, are not identical. Records show that Commonwealth Savings & Loan Association filed certified copy of its charter with

---

[6] See *Horn* v. *Hull,* 169 Ark. 463, 275 S. W. 905; *Clark* v. *Wilson,* 174 Ark. 669, 297 S. W. 1008; *Tatum* v. *Arkansas Lumber Co.,* 103 Ark. 251, 146 S. W. 135.

the state bank department December 16, 1935. Application was made by Commonwealth Building & Loan Association to Federal Home Loan Bank Board, Washington, D. C., for permission to "convert itself" into a federal savings and loan association. There is identity of ownership of assets, and no prejudice to appellants can result.

The order of confirmation and approval of the commissioner's deed is affirmed. As to the deficiency judgment, it is remanded to circuit court. As modified, the decree is affirmed.