COMMONWEALTH FEDERAL SAVINGS & LOAN ASSOCIATION, INC., *v.* THORNTON, ADMR.

4-6971                                              168 S. W. 2d 430

Opinion delivered February 15, 1943.

*Golden Blount,* for appellant.

*Harry Neelly* and *Culbert L. Pearce,* for appellee.

McHANEY, J.   This is the second appeal of this cause. See *Thornton, Admr.,* v. *The Commonwealth Federal Savings & Loan Ass'n, Inc.,* 202 Ark. 670, 152 S. W. 2d 304. Two points were decided in the former appeal, in connection with a mortgage foreclosure wherein Commonwealth was plaintiff and M. H. Greer was defendant. One was that the confirmation decree of March, 1936, was valid and could not be set aside. The other was that an appeal from the probate court to the circuit court, prior to the passage of Amendment No. 24, from an order of the former allowing and classifying the claim of Commonwealth based on a deficiency judgment in the foreclosure proceeding could not be tried by consent in the chancery court. The cause was reversed in this respect. Appellant's claim had been allowed by the probate court and classified as a second class claim. On a retrial

in the circuit court, it was allowed as a third class claim. This appeal is from that order.

To reverse the circuit court judgment appellant makes two contentions: (1) That the circuit court was without jurisdiction because there was no affidavit for appeal from the order of the probate court as required by § 2885 of Pope's Digest and no appeal was prayed or granted; (2) that the claim was of the second class and was not a third class claim as classified by the circuit court.

We think it unnecessary to determine the question of the jurisdiction of the circuit court, but for the purpose of this decision we assume it did have jurisdiction. We held that it did on the former appeal, but the question now raised was not presented. Whether rightfully or wrongfully the parties on the former appeal agreed that the cause should be transferred to chancery. If appellant could estop itself from contending, for the first time, that the appeal from the probate to the circuit court was not properly taken, it has done so.

We are of the opinion, however, that the circuit court erred in classifying the claim as one of the third instead of the second class. Section 97 of Pope's Digest provides: "All demands against the estate of any deceased person shall be divided into the following classes: . . . Second. Judgments rendered against the deceased, in his lifetime and which are liens on lands of deceased, if he died possessed of any; otherwise to be regarded as debts due by contract."

Now, the undisputed facts show that appellant obtained a judgment against M. H. Greer on June 11, 1934, for $1,553.69, and a decree of foreclosure was entered condemning for sale the land covered by mortgage. The land was sold by the commissioner, appointed for this purpose by the court, to appellant for $1,200, on December 8, 1934, which resulted in the deficiency judgment here involved, and the sale was confirmed April 8, 1935, and deed executed by the commissioner to appellant. On June 8, 1935, Greer filed a motion to set aside the confirmation and to cancel the deed, he offering to pay

$200 and certain rents in the hands of the receiver, and on June 10, 1935, with the consent of appellant, this was done, that is the confirmation was set aside and the deed canceled. Thereafter, on November 11, 1935, the mortgagor, Greer, died, and executors took charge of his estate under his will. On March 9, 1936, the sale of the land under the mortgage was again confirmed, leaving a deficiency judgment of $492.50, calculated to said last mentioned date, and for which claim was filed on March 28, 1936.

On the former appeal we said: "The purpose (expressed, we think, but if not, then implied) was to preserve the decree of foreclosure and the sale pursuant thereto" (of 1934). In other words, the judgment and sale were never set aside. It was rendered in 1934, in the lifetime of M. H. Greer and continued to be a valid and subsisting judgment. Only the confirmation of 1934 was set aside and the deed canceled. The judgment and the sale were never set aside. The sale was again confirmed in 1936, and it was held valid on the former appeal and is the law of the case.

We think the claim clearly one of the second class, as defined by said § 97 of Pope's Digest, and that the judgment should be reversed and the cause remanded with directions to so classify the claim, and to certify same to the probate court.