Eugene HORTON *v.* John EATON

75-169                                     530 S.W. 2d 669

Opinion delivered December 15, 1975
[Rehearing denied January 19, 1976.]

*Adams & Covington* by: *Donald J. Adams,* for appellant.

*Pearson & Woodruff,* by: *C. Thomas Pearson Jr.,* for appellee.

CARLETON HARRIS, Chief Justice. John Eaton, appellee herein, instituted suit against Eugene Horton, appellant herein, alleging that Horton had alienated the affections of appellee's wife, and additionally, that Horton had committed an assault and battery on Eaton. Punitive damages were sought as well as compensatory damages in both causes of ac-

tion, and on trial, the jury returned a verdict for appellee in the amount of $52,000. From the judgment so entered, appellant brings this appeal. For reversal, it is first asserted that the court erred in overruling appellant's motion for a new trial, and it is also contended that the trial court was without authority to reinstate the jury verdict.

Appellee, *inter alia*, contends that the appeal should be dismissed because of appellant's failure to file a timely notice of appeal. We agree with this contention, and thus do not reach the merits, but it is necessary to describe the unusual procedure in the trial court, in explaining our determination.

On January 10, 1975, the jury verdict was returned, and the judgment was entered on January 17, 1975. In the meantime, on January 13, appellant had filed a motion for a new trial. Of course, had this not been done, appellant would have had thirty days from the entry of the judgment on January 17, to give notice of his appeal. Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). See also *Cranna* v. *Long,* 225 Ark. 153, 279 S.W. 2d 828. However, upon moving for a new trial, the provisions of §§ 27-2106.3 — 2106.6 came into play. The actual pertinent section here involved is §27-2106.5, which provides that after the motion for new trial has been denied by the trial court, or is deemed to have been disposed of, the losing party then has ten days to give notice of appeal (provided that he never has less than thirty days from the original judgment to give notice of appeal).

After the appellant had made his January 13 motion for a new trial, the trial court entered its order on the motion on January 22, containing the following provisions:

"That the jury in this case did not act under the influence of passion or prejudice and the trial jury should not be subject to criticism by this Court nor any of the parties; That their verdict was rendered with good conscience on their part.

"That the Arkansas Supreme Court has recently adopted a rule of civil procedure which provides that a trial Court in granting a motion for a new trial must set

out the reasons therefor, that this order does not at this time comply with said rule, but the Court retains jurisdiction of this question for the purpose of making said detailed findings in the event the same becomes necessary. **\***

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that, subject to the limitations and conditions placed thereon, herein, remittitur is hereby granted as follows:

"The judgment of $52,000 is hereby reduced to $26,000 upon the condition that if plaintiff shall refuse to accept same within 15 days the Court will grant a new trial; That if plaintiff elects to accept $26,000 in lieu of a new trial, then defendant shall have 30 days within which to pay said sum of $26,000 in full and if he shall then fail to pay said sum in full this order shall be null and void and the original judgment of $52,000 shall be reinstated."

On February 6, 1975, appellee formally (in writing) consented to remittitur "conditioned upon full compliance by the defendant with the order of the court and upon full payment by the defendant to the plaintiff of the sum of $26,000 within 30 days." On that same day, the court entered the following order:

"Now on this day the Court finds that the Plaintiff John Eaton has by his Response to Order, filed herein this date, accepted remittitur under the terms set out in the Court's order of January 22, 1975; That said acceptance has been made in the 15 days provided; that defendant has 30 days from this date to pay said judgment or the $52,000 judgment will be reinstated in full."

Appellant did not pay the $26,000 and on March 10 and 12, writs of execution and of garnishment were issued. Thereafter, on March 18, appellant filed a "Motion to Quash Execution," and the issuance of these garnishments, asserting that same "are premature in that no final judgment has been entered in this cause, and that these garnishments

should be quashed pending the entry of final Judgment in favor of Plaintiff.''

Subsequently, on March 21, the court entered the following order:

"That judgment on jury verdict of January 10, 1975 in the sum of $52,000 was signed and filed with the clerk on the 17th day of January 1975; that an order was entered by this Court dated 17, January 1975, which was filed on the same date, wherein the Court had a conditional remittitur in this case the conditions of which are set out therein; that on February 6, 1975, the Court entered an order finding that the plaintiff John Eaton had complied with all the terms of the conditional remittitur by accepting the remittitur and the Court in said order gave the defendant 30 days within which to pay same; that said sum was not paid within 30 days and the plaintiff has had execution issued upon the $52,-000 judgment which is now in effect; that defendant notifies the Court in open Court that he desires to appeal to the Arkansas Supreme Court and the Court finds that when the defendant has filed motion of appeal and designation of record in this case he shall also file in this case good supersedeas bond; otherwise execution shall not be quashed.

"That this Court is not the proper tribunal to determine if defendant's appeal is timely.''

Let it be here said that we do not pass upon the legality of the trial court's action in granting the remittitur under the conditions heretofore set out, since we do not consider that fact to have any bearing on whether the notice of appeal was given in a timely manner. Appellant gave his first notice of appeal on March 26, 1975, such notice stating that he is appealing from the March 21 order of the court "finding that the judgment of $52,000, is now in full force and effect ***."

We have concluded that the notice of appeal was not timely. In *Johnson v. Johnson*, 243 Ark. 656, 421 S.W. 2d 605, this court said:

"For a judgment to be final and appealable, it must in form or effect: terminate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy."

The order of February 6, 1975, disposes of the litigation in the trial court, *i.e.*, it terminated the action; it concluded the rights of the parties to the matter in controversy; and such judgment certainly operated to "put it beyond the power of the court to place the parties in their former condition after the expiration of the term." Whatever was done by appellant (whether he paid the $26,000 or did not pay it), the judgment was final, because it was certainly definite that the motion for new trial had been denied. This being true, the judgment was final thirty days from February 6, 1975, or more specifically stated, on March 8, 1975, and, as provided by § 27-2106.5, notice of appeal should have been given within ten days, or more specifically, March 18, 1975. Since the required notice was not given until March 26, it is at once evident that the notice of appeal was not timely, and the appeal must be dismissed.

It is so ordered.