## Wilmeda I. LaRUE *v.* Elbert L. LaRUE

79-331                                        593 S.W. 2d 185
Supreme Court of Arkansas
February 11, 1980

*B.W. Sanders,* for appellant.

*Janice Williams,* for appellee.

### PER CURIAM

On December 6, 1979, appellant sought to lodge a transcript of the record on her appeal from an order of the Chancery Court of Clark County, Arkansas entered on July 25, 1979. The clerk of this court declined to accept the transcript because notice of appeal was not filed within 30 days of the entry of the order or within ten days of the entry of an order on September 26, 1979, denying appellant's motion for reconsideration of the order entered July 25, 1979. Appellant then filed a motion for rule on the clerk to require the acceptance of the transcript, which was endorsed with a certificate of the attorney for the appellee that he had no objection to the granting of the motion. It was alleged in the motion that neither of the attorneys in the case "or anyone else involved in this matter at the trial court level was aware of the special ten-day provision of Ark. Stat. Ann. § 27-2106.5 [Repl. 1979] and that a strict application of this rule by the clerk would substantially effect the substantive right of the appellant to have her issue decided on the merits." This mo-

tion was denied by this court on January 7, 1980. Appellant then filed a motion for rehearing of her motion for rule on the clerk. In that motion, she does not, as required by Rule 20(g) call attention to any specific error of law or fact. The motion was largely a repetition of the previous motion for rule on the clerk. Instead of calling attention to any error of law or fact, appellant sought to "remind the Court that although procedure is a necessary requirement of the conduct of business and the affairs of Court, it is not and should not be so strict and unrelenting in its minor functions that it becomes a wall over which the subjective interests of the Petitioners to the Court cannot overcome." Appellant later refers to consistency in abiding by procedural rules, but urges that the court should not "lose the essence of the law which is to provide the citizen with a fair and impartial forum for a decision on the subject matter of her prayer for relief." Appellant states that she thinks that appellee's joining in the motion is the key to our allowing the matter to be submitted on its merits. As we read the certificate of appellee's attorney, it is a statement he has no objection to the present motion. Although this certificate does not seem to justify a statement that appellee joins in the motion, we accept it as such, because that is not the key to the matter.

We are faced with problems of this sort infrequently, but since there are isolated instances where the court has been compelled to deny a motion such as this, we have decided to depart from our previous practice of entering a simple denial of the motion in order to eliminate the possibility of any further doubt about the matter.

No one contends that the clerk erred in the application of § 27-2106.5, which has been in effect since 1963, or Rule 4 of the Arkansas Rules of Appellate Procedure, which, although it superseded the statute on July 1, 1979, is virtually a repetition of the statutory language. Appellant only says that there was a "mutual mistake between all parties dealing with the procedure" and that this court has summarily denied her right to file the transcript.

We had thought the application of this rule had been made quite clear by our stating that it was necessary that we dismiss an appeal in *Horton* v. *Eaton,* 258 Ark. 987, 530 S.W. 2d 669, because notice of appeal was not given within 30 days

of the entry of the judgment or within ten days of the date a motion for new trial was disposed of. Appellant misconceives the rule of the statute and the rule of appellate procedure as a matter of procedure only. The timely filing of a notice of appeal is, and always has been, jurisdictional. *Yellow Cab Co. v. Sanders,* 250 Ark. 418, 465 S.W.2d 324; *Pinnacle Old Line Insurance Co.* v. *Ellis,* 228 Ark. 458, 307 S.W.2d 882; *Ward* v. *Universal C.I.T. Credit Corp.,* 228 Ark. 275, 307 S.W.2d 73. See also, *Davis* v. *Ralston Purina Co.,* 248 Ark. 14, 449 S.W.2d 709; *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S.W. 2d 40.

We have previously denied relief in a situation where our clerk refused to file a record because the notice was not timely filed, saying that the timely filing of a notice of appeal is "essential to our jurisdiction." *City of Hot Springs* v. *McGeorge Contracting Co.,* 260 Ark. 636, 543 S.W. 2d 475.

The fact that appellee does not object or joins in the motion is of no significance. Although a party may consent to jurisdiction over his person, jurisdiction cannot otherwise be conferred by consent. *Thornton* v. *Commonwealth Federal Savings & Loan Ass'n.,* 202 Ark. 670, 152 S.W.2d 304; *Knox* v. *Beirne,* 4 Ark. 460; *Arkansas Savings & Loan Ass'n.* v. *Corning Savings & Loan Ass'n.,* 252 Ark. 264, 478 S.W. 2d 431. In the case last cited, we said that whether the question is raised by the parties or not, it is not only the power, but the duty of a court to determine whether it has juisdiction of the subject matter.

We must deny the motion for rehearing.