Francis BLEVINS *v.* UIS

CA 89-382                                   780 S.W.2d 584

Court of Appeals of Arkansas
En Banc
Opinion delivered October 11, 1989

*John R. Henry*, for appellant.

*David Shelton*, for appellee.

PER CURIAM. On September 9, 1989, the appellant sought to lodge a transcript of the record on her appeal from an opinion of the Workers' Compensation Commission filed on May 25, 1989. The clerk declined to accept the transcript because the notice of appeal, filed July 10, 1989, was not filed within thirty days of entry of the opinion. *See* Ark. R. App. P. 4(a). The appellant has now filed a motion for Rule on the Clerk to require our clerk to accept the transcript. As authority for this Court to grant the motion, the appellant cites Ark. Sup. Ct. R. 5, which allows an appellant to file a motion for Rule on the Clerk when he believes the clerk is in error in refusing to file a record. In the motion the appellant concedes that the notice of appeal was not timely filed.

We find no error on the part of our clerk because the timely filing of a notice of appeal is essential to our jurisdiction. *LaRue v. LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). This is not a procedural rule, and although a person can consent to jurisdiction over his person, jurisdiction cannot otherwise be conferred by consent. *Id*. The timely filing of a notice of appeal is, and always has been, jurisdictional. *LaRue*, 268 Ark. at 88, 593 S.W.2d at 186. This applies to appeals from the Workers' Compensation Commission. *Lloyd v. Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986). Therefore, because the appellant did not file a timely notice of appeal within thirty days of the opinion of the Commission, we do not have jurisdiction to hear the appeal. Motion denied.