## Ellis WILLIAMS *v.* LUFT CONSTRUCTION COMPANY

CA 90-202                                    790 S.W.2d 921

Court of Appeals of Arkansas
En Banc
Opinion delivered June 20, 1990

*E.W. Brockman, Jr.*, for appellant.

*Ralph Wilson* and *William H. Edwards, Jr.*, for appellee.

PER CURIAM. The appellant in this workers' compensation case has filed a motion for rule on the clerk. His appeal is from an opinion of the Workers' Compensation Commission entered February 6, 1990. The record was tendered on May 7, 1990, but the Clerk of the Supreme Court and the Court of Appeals refused to docket the case because the record was submitted too late for filing.

Rule 5 of the Arkansas Rules of Appellate Procedure requires that the record be filed and docketed within 90 days of the filing of the first notice of appeal, unless an extension is granted by the trial court. No extension was granted in the case at bar, and the appellant's first notice of appeal was not received by the Commission until March 28, 1990, more than 30 days after the Commission's order of February 6, 1990. *See* Ark. R. App. P. 4 (a). The appellant does not contend that March 28, 1990, was within the time allowed for filing a notice of appeal, but asserts

that the notice of appeal was mailed to the Commission on February 15, 1990, in a timely manner, but was apparently lost in the mail and not received by the Commission. The appellant mailed copies of the notice of appeal to the attorneys for the appellees on February 15, 1990, as well, and has submitted affidavits executed by those attorneys showing that they received their copies of the notice of appeal in due course of the mail; one affidavit shows that a copy was received on February 16, 1990, the day after it was mailed. The appellant has also submitted an affidavit to show that the Commission accepted a duplicate copy of his notice of appeal, received March 28, 1990, as timely filed. He argues that the notice of appeal should be held to have been timely filed because its loss in the mail constituted an unavoidable casualty.

It is clear that the appellant's notice of appeal was mailed to the Commission in a timely manner and that, but for some unforeseeable circumstance, it would have been received by the Commission well within the period allowed for timely filing. Although we are not unsympathetic to the appellant's dilemma, we nevertheless find no error on the part of our clerk because the timely filing of a notice of appeal is essential to our jurisdiction. *Blevins* v. *UIS*, 29 Ark. App. 102, 780 S.W.2d 584 (1989). This is not a procedural rule but is instead a jurisdictional one, and although a person can consent to jurisdiction over his person, jurisdiction cannot otherwise be conferred by consent. *Id.* This rule applies to appeals from the Workers' Compensation Commission, *Lloyd* v. *Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986), and the rule of unavoidable casualty does not apply to failure to file a timely notice of appeal. *Burris* v. *Burris*, 278 Ark. 106, 643 S.W.2d 570 (1982); *see LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980); *City of Hot Springs* v. *McGeorge Contracting Co.*, 260 Ark. 636, 543 S.W.2d 475 (1976). Therefore, because the appellant's notice of appeal was not timely filed within thirty days of the Commission's opinion, we do not have jurisdiction to hear the appeal.

Motion denied.