CENTENNIAL VALLEY RANCH MANAGEMENT, INC. *v.* AGRI-TECH LIMITED PARTNERSHIP and Agri-Tech Ltd.

CA 90-482                                    832 S.W.2d 259

Court of Appeals of Arkansas
Division II
Opinion delivered May 27, 1992

*Wilson, Engstrom, Corum & Dudley*, by: *Timothy O. Dudley* and *William R. Wilson, Jr.*, for appellants.

*Harper, Young, Smith & Maurras*, by: *Don A. Smith*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal by Centennial Valley Ranch Management, Inc., (CVR) from an order granting the motion to dismiss filed by the appellees Agri-Tech Limited Partnership and Agri-Tech Ltd. The appellant is an Ohio corporation. The partnership appellee was organized under the laws of Arizona; the other appellee is an Arizona corporation.

The initial complaint in this matter was filed by CVR in Yell County Circuit Court in 1985. It was dismissed by CVR in 1988.

Suit was then filed in federal district court and dismissed by the court for lack of jurisdiction in May of 1989.

On June 15, 1989, CVR filed a complaint in Yell County Circuit Court alleging that on July 24, 1984, CVR had entered into a cattle management agreement with Agri-Tech Ltd., acting on its own behalf and as general partner of the limited partnership, under which CVR agreed to undertake a cattle management operation on lands located in Yell County, Arkansas. It was alleged that the cattle were shipped to Arkansas from Montana by a Canadian corporation; that beginning in October 1984, Agri-Tech made monthly payments to CVR, under the agreement, for the care and feeding of the cattle; that on November 7, 1985, Agri-Tech canceled the agreement due to economic conditions and asked for the return of the cattle; and that Agri-Tech refused to pay the balance due (approximately $31,500.00) on the last monthly management fee.

Count I of the complaint alleged breach of contract and asked for judgment in the amount of $3,367,000.00. Count II of the complaint allged fraudulent misrepresentation and asked for punitive damages. Count III of the complaint alleged the defendants were estopped from denying the agreement or their liability to pay and asked for judgment for all sums expended. Count IV of the complaint alleged that 890 cows and 839 calves were removed from CVR's possession in violation of CVR's first lien on the cattle. The complaint prayed for joint and several judgment against both appellees.

On July 19, 1989, the appellees, Agri-Tech Ltd. and Agri-Tech Limited Partnership, filed a motion to dismiss on the basis of Ark. R. Civ. P. 12(b)(1-6): for lack of subject matter and personal jurisdiction; improper venue; insufficient process; insufficiency of service of process; and failure to state a claim on which relief may be granted. Attached to the brief in support of the motion was the federal court order dismissing appellant's suit in federal court along with numerous pleadings, documents, and evidence considered in federal court.

On August 16, 1989, CVR filed an amended complaint, and on August 18, 1989, the appellees filed another motion to dismiss in which they reasserted and realleged all matters set out in their July 1989 motion to dismiss.

After the case had been removed to federal court and remanded, the Yell County Circuit Court held a hearing on the appellees' motion to dismiss and on August 13, 1990, the motion was granted. The order simply stated that the motion "is well founded and should be sustained."

On appeal, CVR argues that the trial court granted the motion to dismiss because the Wingo Act, Ark. Stat. Ann. §§ 64-1201-02 (Repl. 1980), and the statutes that replaced that Act, Ark. Code Ann. §§ 4-27-1501-02 (Repl. 1991), prohibit a foreign corporation transacting business in Arkansas from enforcing its contracts in an Arkansas court unless the corporation is registered to do business in Arkansas. Appellant contends the court erred because (1) the contract in this case was executed and put into force in Arizona, and (2) the transaction was a component part of interstate commerce. Under either situation, according to the appellant, the prohibitions of the Wingo Act and the statutes that replaced it do not apply. Moreover, the appellant contends that it alleged causes of action which were not based on contract, and those causes of action are not affected by the Wingo Act or the statutes that replaced it.

As pointed out by the appellees, the Arkansas Business Corporation Act was enacted by Act 958 of 1987. See Ark. Code Ann. § 4-27-101 (Repl. 1991). The comment to that section states that the Act was based primarily upon the Revised Model Business Corporation Act, which was a product of a committee of the American Bar Association. See Ark. Code Ann. Commentaries 415 (1987). The 1987 Act provides that, "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Ark. Code Ann. § 4-27-1502(A) (Repl. 1991). The parties in this case seem to assume that this section of the 1987 Act is applicable to this case filed in June of 1989. That certainly appears to be a correct assumption. A law review article on that subject states:

> Unlike the provisions applicable to domestic corporations, those sections of the 1987 ABCA applicable to foreign corporations were not covered by a grandfather clause. The new statute stated that any foreign corporation authorized to transact business in Arkansas at midnight,

December 31, 1987, was subject to the new statute, and the old provisions were specifically repealed.

Mary Elizabeth Matthews, *Corporate Statutes — Which One Applies?*, 13 U. Ark. Little Rock L.J. 69, 76 (1990).

█ The above law review article also explains that the 1987 Act made the penalty less severe for doing business in Arkansas without authority. *Id.* at 76. Under the old law (Wingo Act) the non-qualifying foreign corporation was not permitted to enforce any contract made in Arkansas. *Id.* at 77. But the law review article says that, "The commentary to the Revised Model Business Corporation Act on which the section is based makes clear the drafters intended a nonqualifying foreign corporation be able to enforce a contract simply by qualifying." *Id.* at 77.

Although it is agreed that the appellant corporation in the present case has not qualified to do business in Arkansas, that does not completely solve the issues presented. Ark. Code Ann. § 4-27-1501 (Repl. 1991) provides in subsection A that a foreign corporation may not transact business in this state until it obtains a certificate of authority, but in subsection B the statute lists some activities that do not constitute doing business within the meaning of subsection A, and subsection C states that the activities listed in B are not exhaustive. Under B(11) the activity listed which does not constitute transacting business in this state is, "Transacting business in interstate commerce." This is heavily relied upon by the appellant in support of its position that the trial court was wrong in dismissing appellant's complaint.

█ Before continuing with a discussion of the interstate commerce issue, we look at the procedural manner in which this case was decided by the trial court. The appellees' motion to dismiss alleged the appellant's complaint should be dismissed under the provisions of Ark. R. Civ. P. 12(b), and was based upon all six of the defenses listed in Rule 12(b). As we have already stated, there were numerous matters attached to the motion and brief filed by the appellees. Included with those matters was the transcript of a portion of the evidence considered in federal court. Subsection (c) of civil procedure Rule 12 provides that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Attached

to appellant's response to the motion to dismiss were, among other matters, two affidavits. Although the trial court's order did not so state, it seems clear that the motion to dismiss was treated and disposed of as a motion for summary judgment. *See Godwin* v. *Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991). Thus, we examine the record to determine if there is any genuine issue of fact. Ark. R. Civ. P. 56(c).

The contract sued upon is in the record and we have already briefly described it in our summary of the allegations of the appellant's complaint. It specifically provides that it shall be governed by the law of Arizona, and for our decision in this case, we will assume that it was made in Arizona as the appellant contends.

There are other matters about which the record shows there is no genuine issue of fact. We know that the appellant (CVR) was established in 1979. Clyde Lawson, who was president of the corporation when he made an affidavit on April 11, 1989, began working for CVR in 1979. In 1984 a Canadian corporation made an agreement with Agri-Tech Ltd. to sell it 1600 artifically impregnated cows. Agri-Tech then made an agreement, as general partner in Agri-Tech Limited Partnership, for CVR to feed and care for these cattle. According to his affidavit, Clyde Lawson and his wife later purchased a ranch in Arkansas and leased the ranch to CVR for it to use to maintain the 1600 head of cattle which CVR had agreed with Agri-Tech to feed and care for; Lawson and his wife also purchased CVR; this purchase covered only the maintenance agreement with Agri-Tech; since July of 1985, CVR has operated in no state other than Arkansas.

The appellant cites *Goode* v. *Universal Plastics, Inc.*, 247 Ark. 442, 445 S.W.2d 893 (1969); *Hough* v. *Continental Leasing Corp.*, 275 Ark. 340, 630 S.W.2d 19 (1982); and *Bassett* v. *Hobart Corporation*, 292 Ark. 592, 732 S.W.2d 133 (1987), for the proposition that corporations who do business in Arkansas, but fail to qualify for that purpose in this state, may nevertheless enforce contracts in this state if those contracts were made in another state. These cases do not help appellant because they were controlled by the Wingo Act, Ark. Stat. Ann. § 64-1201-02. That section provided that "any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as

aforesaid, cannot make any contract in the state which can be enforced by it either in law or in equity." As we have pointed out, the 1987 Act simply states that "a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." The prohibition is not the same under the "new" Act as it was under the "old" Wingo Act.

■ Appellant also cites *Uncle Ben's, Inc.* v. *Crowell*, 482 F. Supp. 1149 (E.D. Ark. 1980), for the proposition that a contract may be enforced by nonqualifying foreign corporations if it is only a component part of interstate commerce and not wholly in interstate commerce. That case also said that a nonqualifying corporation "although engaging in an essentially interstate activity, can conduct sufficient activities which are local in nature so that it should properly be subject to state regulation." *Id.* at 1155. *See* also *Independence County* v. *Tad Screen Advertising Co.*, 199 Ark. 205, 133 S.W.2d 1 (1939) (interstate shipment of film held incidental to otherwise intrastate activity).

■ Again, however, the point in the present case is that Act 958 of 1987, known as the Arkansas Business Corporation Act, was in effect when this present suit was filed on June 15, 1989. A provision of that Act, Ark. Code Ann. § 4-27-1502(A) (Repl. 1991), provides that a nonqualifying foreign corporation transacting business in this state may not maintain a proceeding in any court in this state until it obtains a certificate of authority to do business here. Although Ark. Code Ann. § 4-27-1501(B)(11) (Repl. 1991), provides that transacting business in interstate commerce does not constitute transacting business in Arkansas for the purpose of having to obtain a certificate of authority from this state, we think the material facts revealed by the record, as to which there is no genuine issue, show that when the appellant filed this case it was a foreign corporation transacting business in this state without a certificate of authority.

This suit was filed in June of 1989. According to the April 1989 affidavit of appellant's president, Clyde Lawson, the appellant was an Arizona corporation; was owned by Lawson and his wife; and had not operated in any state except Arkansas since July of 1985. The only business in which it was engaged when this suit was filed was feeding and caring for cattle shipped to

Arkansas, under a contract made in Arizona, on land it had leased in Arkansas for that purpose.

We think it was necessary for the appellant to obtain a certificate of authority to transact business in this state before it could maintain this suit in the courts of this state. This includes all causes of action alleged in appellant's complaint. Therefore, we affirm the trial court's order of dismissal.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.