TRACOR/MBA *v.* ARTISSUE FLOWERS

CA 92-613                                        850 S.W.2d 30

Court of Appeals of Arkansas
Division I
Opinion delivered March 31, 1993

*Walter A. Murray*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Arkansas Workers' Compensation Commission which found that appellant's notice of appeal from a decision of the administrative law judge to the full Commission was untimely filed.

Artis Stevens died as a result of a work-related injury. On October 2, 1991, the administrative law judge filed an opinion finding that the appellee, Artissue Flowers, is the illegitimate, posthumous child of Artis Stevens and, as such, is entitled to workers' compensation dependency benefits.

Arkansas Code Annotated § 11-9-704(b) (6) (Supp. 1991), provides that application for review from a law judge's decision must be filed in the office of the Commission within thirty (30) days from the date of the receipt of the award. In a response to a motion to dismiss this appeal, appellant's counsel alleged that he "faxed" a notice of appeal from the law judge's decision to the Commission on November 1, 1991. Counsel's motion also stated that by mistake the notice indicated the appeal was to the Court of Appeals instead of the full Commission; that on December 6, 1991, counsel had received no confirmation from the Commission of receipt of the notice of appeal; that on December 6, counsel's secretary contacted the law judge's office and his secretary advised there was no notice of appeal in the file; that counsel's secretary was advised to send to the full Commission a copy of everything that had been faxed on November 1, 1991, and that this was done.

The record contains a notice of appeal filed with the Commission on December 6, 1991. It states, however, that appellant appeals from the full Commission to the Court of Appeals. In any event, the notice was filed more than thirty days after the law judge's award had been filed, and as could be expected, the record contains a motion to dismiss appeal, filed January 3, 1992. The motion alleges that appellant's counsel had received the law judge's decision on October 4, 1991, and that the notice of appeal filed December 6, 1991, was untimely filed.

The record also contains an amended notice of appeal filed by counsel for the appellant on January 7, 1992. This notice states:

> That on November 1, 1991, a Notice of Appeal was filed with the Arkansas Workers' Compensation Commission.
>
> 1. That a scribbers error indicates that the Appeal was to the Arkansas Court of Appeals.
>
> 2. That the Appeal as filed on November 1, 1991, is herein and hereby corrected to reflect the following:
>
> (a) That it is to be Appealed to the Full Commission.
>
> (b) That it was from the Administrative Law Judge's Order on October 2, 1991.

On January 9, 1992, the appellee filed a motion to dismiss the amended notice of appeal, alleging that both the original and the amended notices of appeal were untimely filed. On January 13, 1992, counsel for appellant filed by facsimile machine a response to the appellee's motion to dismiss the original and the amended notices of appeal; an affidavit of his secretary stating that she had filed the notice of appeal in this case to the administrative law judge's fax number on November 1, 1991; and a copy of the law firm's "Transmit Journal" for its facsimile machine for proof that a notice of appeal was transmitted to the Commission on November 1, 1992. And on January 6, 1992, the appellee filed a reply to the appellant's response. The reply included the affidavit of the legal assistant to the administrative law judge. The affidavit, in pertinent part, states:

3.   I have no recollection of ever receiving correspon-
dence and/or Notice of Appeal relative to the case of
*Artissue Flowers, child of Artis W. Stevens, deceased
employee vs. Tracor MBA*, WCC File D510481, from the
offices of Walter Murray Law Firm, P.A., via fax or
otherwise.

■   On February 5, 1992, the full Commission dismissed
the appeal pursuant to Ark. Code Ann. § 11-9-704(b)(6) (1987),
which provides that all applications for review by the Workers'
Compensation Commission must be filed within thirty days from
the date the law judge's decision is received by the party. The
timely filing of a notice of appeal is jurisdictional and should be
raised by the Commission even if the parties do not raise it. *Lloyd*
v. *Potlatch Corporation*, 19 Ark. App. 335, 344, 721 S.W.2d 670,
676 (1986). If a notice of appeal is not received by the Commis-
sion within thirty days, the decision becomes final and the
Commission is without authority to review the case. *Williams* v.
*Luft Construction Co.*, 31 Ark. App. 198, 790 S.W.2d 921
(1990). In *Williams* the clerk of the Court of Appeals had refused
to docket the case. We stated:

It is clear that the appellant's notice of appeal was
mailed to the Commission in a timely manner and that, but
for some unforeseeable circumstance, it would have been
received by the Commission well within the period allowed
for timely filing. Although we are not unsympathetic to the
appellant's dilemma, we nevertheless find no error on the
part of our clerk because the timely filing of a notice of
appeal is essential to our jurisdiction. *Blevins* v. *UIS*, 29
Ark. App. 102, 780 S.W.2d 584 (1989). This is not a
procedural rule but is instead a jurisdictional one, and
although a person can consent to jurisdiction over his
person, jurisdiction cannot otherwise be conferred by
consent. *Id*. This rule applies to appeals from the Workers'
Compensation Commission, *Lloyd* v. *Potlatch Corp.*,
[*supra*], and the rule of unavoidable casualty does not
apply to failure to file a timely notice of appeal. Therefore,
because the appellant's notice of appeal was not timely
filed within thirty days of the Commission's opinion, we do
not have jurisdiction to hear the appeal. (Citations
omitted.)

31 Ark. App. at 199. Although *Williams* involved filing a notice of appeal to the Arkansas Court of Appeals, it was relied upon by the Commission in the instant case as support for the Commission's holding that it has no power to review a case once thirty days has passed and the decision of the law judge has become final. In its opinion the Commission stated:

> [A] timely transmitted facsimile which is not received by the Commission in a timely manner does not differ from a timely mailed document which is not received by the Commission within the thirty day time limit, as was the situation in *Williams*, *supra*. Logs of facsimile activity such as that submitted to the respondents only establish that some document was transmitted to the Commission; the logs do not establish that the document in question was actually transmitted. Moreover, such logs do not establish that the document was actually received by the Commission. . . . [T]he Commission has agreed to accept facsimile transmission to expedite filings where urgency is required, but this agreement in no way affects the requirement that documents must be received within the statutory time limits. In the present case, there simply is no evidence that the Notice of Appeal was received in the office of the Commission in a timely manner.

We think this reasoning is sound. Transmitting legal documents by facsimile machine does not relieve the attorney of his duty to ensure that documents which *must* be timely filed have been timely received. This may require transmitting the documents (whether by hand, mail, or facsimile machine) earlier in the time period to allow for a follow-up phone call and further transmission within the thirty-day filing period if the previous notice of appeal or other document was somehow not received. But in any event, the statutory period for filing a notice of appeal is jurisdictional.

■  Appellant argues that the claimant's motion to dismiss was a motion for summary judgment and that there was a genuine issue of fact raised by the responses, replies, and affidavits filed. We do not agree that the summary judgment procedure provided by Rule 56 of the Arkansas Rules of Civil Procedure applies to matters filed in the Arkansas Workers' Compensation Commis-

sion. No authority for this view is cited by appellant and the appellee cites Rule 1 of the Rules of Civil Procedure which expressly provides that the Rules apply in the circuit, chancery, and probate courts. The Commission is not mentioned.

The appellant also argues that it was not given an opportunity to complete discovery prior to the Commission's decision on the motion to dismiss the appeal. However, we are not cited to any place in the record — and we have found none — where the appellant asked for time to complete discovery or made any objection to the Commission acting on the motion to dismiss before discovery was completed.

Finally, the appellant argues that the Commission failed to discuss or give consideration to the presumption that when a letter, that is properly and sufficiently addressed and stamped, is mailed it will be received by the addressee in the due course of mail. *See Swink & Company, Inc. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 290, 584 S.W.2d 393, 399 (1979).

In the first place, as the appellant concedes, the Commission is not bound by the technical or statutory rules of evidence. *See* Ark. Code Ann. § 11-9-705(a) (1) (1987). And in the second place, the presumption of receipt is rebutted by denial that the letter was actually received — and this leaves an issue of fact to be determined. *Swink, supra*, 266 Ark. at 290-91.

The denial in the instant case came from the following situation: The appellant's response to the motion to dismiss alleged that the secretary to appellant's counsel had discussed the situation with the law judge's office, and the affidavit of the secretary for appellant's counsel stated that she had faxed the notice of appeal to the law judge's fax number. However, the affidavit of the law judge's legal assistant stated that she had no recollection of ever receiving correspondence or notice of appeal relative to this case from appellant's counsel or his law office. This, we think, was sufficient to rebut the presumption that a notice of appeal was faxed to the law judge on November 1, 1992.

Moreover, the Commission's decision stated that the Commission's records do not indicate that the facsimile transmission was ever received by the Commission. The Commission stated that a timely transmitted facsimile which is not received

does not differ from a timely mailed document which is not received. The *Williams* v. *Luft Construction Co.* case, *supra*, is then cited by the Commission in support of its holding that the notice of appeal is jurisdictional, and even if timely mailed, unless it is timely received, the Commission has no jurisdiction to consider the appeal. Clearly, the Commission found that the notice of appeal was not received even if it had been properly faxed (mailed), and the evidence supports that decision.

Affirmed.

ROBBINS and ROGERS, JJ., agree.