Curtis EARP *v.* BENTON FIRE DEPARTMENT, et al.

CA 94-1255                                            914 S.W.2d 781

Court of Appeals of Arkansas
Division II
Opinion delivered February 14, 1996

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*McGlinchey Stafford Lange*, by: *Carolyn B. Witherspoon* and *Abraham Bogoslavsky*, for appellees.

JOHN F. STROUD, JR., Judge. Appellant in this case, Curtis Earp, was retired from the Benton Fire Department in 1989 and was awarded fifty percent of his salary in disability benefits. He later unsuccessfully sought an increase in retirement benefits

from the appellees, the Benton Fire Department Pension and Relief Fund Board (Board) and the Benton Fire Department. In January 1994, appellant filed a complaint in circuit court, alleging that he was totally disabled from inhalation and exposure and thus was entitled to sixty-five percent of his salary in benefits. Appellant relied on Ark. Code Ann. § 24-11-819(a)(1) and (a)(2)(B)(i) (Repl. 1992), which provides that the Board may retire any firefighter who becomes totally and permanently incapacitated for any suitable duty as an employee as a result of injury or disease, and award sixty-five percent of his salary in benefits for an injury incurred in the line of duty. Fifty percent of the salary is awarded if the injury or disease was not work related. Ark. Code Ann. § 24-11-819(a)(2)(A) (Repl. 1992).

The appellees filed a motion to dismiss, stating that the court lacked subject matter jurisdiction due to appellant's failure to timely appeal from the 1989 retirement award. Appellant responded that the Board heard his request for an increase in August 1993, and failed to issue a decision or notify him of its decision. The circuit court granted the motion to dismiss. We affirm the dismissal of appellant's complaint.

Before considering the merits of appellant's arguments, the procedural manner in which this case was decided by the trial court must be addressed. There is no mention by the trial court that it considered the motion to dismiss as a motion for summary judgment; we agree, however, with appellees that the trial court considered matters outside the pleadings, effectively converting the motion to one for summary judgment.

A review of the record shows that in April 1994, appellant filed an affidavit stating that he and his attorney appeared before the Board in August 1991 on his request for an increase in benefits. The Board informed him that his request would be considered and that he would be notified of the Board's decision. Appellant further stated that in July 1993, the Board requested that he be evaluated by a certain physician. The attorney's affidavit averred that he and appellant had met with the Board. Also included in the record is the physician's evaluation finding that appellant appeared to be "reasonably stable with no major complaints." The physician stated that appellant denied having any respiratory distress and that a physical examination showed

that appellant's pulmonary functions were "completely normal." The physician concluded that appellant showed "no evidence whatsoever of residual injury or damage."

Three letters were attached to appellees' motion to strike the affidavits. In a letter to appellant's attorney in February 1992, the Board's attorney stated that information submitted by appellant had been considered and that the Board concluded that "there is a significant question on whether [appellant] made a timely appeal" and that in any event, the medical evidence submitted supported the award made in 1989. In a letter written in June 1993, appellant's attorney asked the Board to reconsider. The Board responded that the initial determination of benefits was supported by the medical evidence and that any reconsideration would be untimely. The circuit court granted the motion to dismiss, "[b]ased upon the pleadings submitted by the parties, as well as the information contained in the letter briefs submitted by the parties."

As noted above, there were numerous matters outside the pleadings presented to the trial court. If matters outside the pleadings are presented and not excluded by the court, the motion to dismiss will be treated as one for summary judgment. *Rankin* v. *Farmers Tractor & Equip. Co.*, 319 Ark. 26, 30, 888 S.W.2d 657 (1994); *Centennial Valley Ranch Management, Inc.* v. *Agri-Tech Ltd. Partnership*, 38 Ark. App. 177, 182, 832 S.W.2d 259 (1992). Thus, we ordinarily would examine the record to determine if there is any genuine issue of fact. Ark. R. Civ. P. 56(c). Normally, on a summary judgment appeal, the evidence is viewed most favorably for the party resisting the motion and any doubts and inferences are resolved against the moving party. In a case where the parties agree on the facts, as here, that rule is inapplicable, and we simply determine whether the appellee was entitled to judgment as a matter of law. *Doe* v. *Central Arkansas Transit*, 50 Ark. App. 132, 136, 900 S.W.2d 582 (1995).

Appellant first argues that his appeal to the circuit court was not untimely. An appeal to the circuit court from a Board decision must be filed within thirty days of the Board's judgment. Ark. Code Ann. § 24-11-815 (Repl. 1992); Inferior Ct. R. 9(a). It is not disputed that appellant failed to timely appeal

the Board's 1989 decision. It is appellant's contention, however, that his appeal from the Board's failure to adjust his benefits is timely because the Board failed to comply with Ark. Code Ann. § 25-15-210 (Repl. 1992), which provides that, pursuant to an administrative adjudication, the agency's final decision shall be in writing, shall include findings of fact and conclusions of law, and shall be served on the parties.

In assessing the timeliness of the appeal, the circuit court obviously was concerned with the issue of whether the Board granted reconsideration of appellant's disability benefits. The court was also concerned with whether the Board held a hearing on the merits, and then failed to comply with § 25-15-210. As noted earlier, the effective date of the Board's decision sets the time for filing an appeal.

■ In *McCarty* v. *Board of Trustees*, 45 Ark. App. 102, 872 S.W.2d 74 (1994), a case cited in the circuit court's order, we addressed an appeal from a decision of the Board of Trustees of the Little Rock Police Pension and Relief Fund. The appellant in that case failed to appeal from a 1988 decision denying her retirement benefits. The Board of Trustees reconsidered her application but again denied the benefits. In reversing the second denial of benefits, the court rejected the Board of Trustees' argument on appeal that, because the appellant did not appeal from the 1988 decision, that decision was *res judicata*, and appellant could not relitigate her claim. We found that nothing in the Administrative Procedure Act that provides that an agency cannot reconsider its own decision. 45 Ark. App. at 118. We also quoted the following language from *North Hills Memorial Gardens* v. *Simpson*, 238 Ark. 184, 381 S.W.2d 462 (1964):

> It is first contended by the applicant that the board's original denial of Rest Hill's application for a permit is *res judicata*. It is true that when an administrative board acts judicially or quasi judicially its decision may be *res judicata* in a second proceeding involving the same question. We are not convinced, however, that all the technical rules that make up the common-law doctrine of *res judicata* should apply with equal force to administrative proceedings.

45 Ark. App. at 118 (internal citations omitted). We approved

the following language from *Hall* v. *City of Seattle*, 602 P.2d 366, 369 (Wash. App. 1979): "Where through fraud, mistake, or misconception of facts the commissioner enters an order which he promptly recognizes may be in error, there is no good reason why, on discovering the error, he should not, after due and prompt notice to the interested parties, correct it."
45 Ark. App. at 119. We concluded:

> Here, the Board made a mistake or misconception of facts and applied standards to the appellant's application that were not in force at the time. Upon discovering that mistake or misconception, the Board reconsidered its decision. We think that was proper and its May of 1988 decision did not prevent its reconsideration of the application in April of 1990.

45 Ark. App. at 119.

In the case at bar, it is obvious that the circuit court found that the Board's actions were not tantamount to a reopening of the issue of appellant's retirement benefits. We agree with that determination. If appellant presented any information about, or evidence of, a work-related injury to the Board, it is not included in the record. Neither does the record contain any medical information provided by appellant to support a reopening. The physician's report obtained by the Board states that appellant had a "[h]istory of inhalation injury in 1986 with no evidence whatsoever of residual injury or damage." Appellant failed to present compelling medical evidence that would warrant a reopening of the issue. In addition, appellant did not present evidence of fraud, mistake, or misconception of facts that would have supported a reopening of the earlier claim. We find that the Board declined to grant reconsideration and that because there was no adjudication on the merits, the Board was not required to enter a formal order. Neither did the Board waive its *res judicata* defense. In its letters to appellant, the Board continued to maintain that his appeal was untimely.

Pursuant to our determination that the Board declined to grant reconsideration of the benefits, we need not address appellant's second argument, which is that the circuit court erred in finding that the Board's denial of an increase in his benefits was supported by the evidence.

■ Finally, appellant argues that if a dismissal was proper, it should have been without prejudice. We do not agree. The timely filing of a notice of appeal is jurisdictional. *Tracor/MBA* v. *Artissue Flowers*, 41 Ark. App. 186, 189, 850 S.W.2d 30 (1993). Appellant failed to file a timely notice of appeal, the Board's decision setting appellant's benefits became final, and the circuit court was without authority to review the case. A dismissal with prejudice therefore was correct.

Affirmed.

COOPER and GRIFFEN, JJ., agree.